The Honorable Chris Thyer State Representative Post Office Box 1423 Jonesboro, Arkansas 72403-1423
Dear Representative Thyer:
I am writing in response to your request for an opinion on whether the Arkansas Claims Commission can agree to a tax sheltered structured settlement in paying a compromised claim pending before the Commission. Specifically, you note that the claimant's attorney and the state have reached a compromise settlement for the payment of $150,000. The proposal by the parties would involve payment of half the award ($75,000) to an insurance company selling an annuity, which would provide substantially increased benefits to the claimant, tax-free. You also state however, that in order to render the transaction non-taxable, the "payment . . . MUST be paid directly from the state to the insurance company selling the annuity." You state, however, that the Executive Director of the Claims Commission "is of the opinion that the Commission is prohibited from engaging in the payment of some of the benefits to the third party annuity company. . . ." You therefore ask: "Can the Claims Commission pay a portion of a settlement to an annuity company directly rather than paying all settlement money to the claimants directly?"
RESPONSE
I am unable to render an opinion on this issue for a number of reasons. First, it is the long-standing policy of the Attorney General's office to decline to issue formal opinions on matters that are pending in litigation or in administrative proceedings. Your question pertains to a pending matter before the Claims Commission. I must accordingly decline to address your question in light of this office's long-standing policy. This policy has consistently been applied to matters pending before administrative agencies as well as before the courts. See, e.g., Ark. Ops. Att'y Gen. Nos. 2004-073; 2000-219; 99-139; 97-329; 97-105; 96-137; 92-360 and 90-114.
Second, the resolution of the question you have posed would require detailed reference to the facts surrounding the transaction, including the documents used to effectuate the structured settlement. I have stated, as have my predecessors, on occasions too numerous to cite, that in issuing Attorney General opinions the Attorney General is not empowered as a fact-finder. I have no authority to take evidence or resolve disputed issues of fact, such as determining the exact features of the actions that are in question. See Ops. Att'y. Gen. 2003-053 and 2002-340. I should note in this regard that unresolved factual questions may arise as to whether the transaction would necessarily include an "assignment" of the award for federal tax purposes which might transgress A.C.A. § 19-10-214(a) (Supp. 2003) (prohibiting the assignment of Claims Commission awards). See also generally, Risk, "A Case for the Urgent Needto Clarify Tax Treatment of a Qualified Settlement Fund Created for aSingle Claimant," 23 Va. Tax Rev. 639 (2004). Other legal and factual issues may arise, depending upon the exact avenue utilized in creating the structured settlement. See e.g., Md. Op. Att'y. Gen. 83-035 (1983 WL 183621) (finding no legal impediment to the Second Injury Fund's purchase of an annuity contract with the money from a claimant's workers' compensation personal injury and disability settlement, but cautioning that the purchase of such an annuity might not relieve the Second Injury Fund from all liability under the agreement).
Finally, any payment of the compromised claim at issue would ultimately have to be preceded by an appropriation of the General Assembly. See
A.C.A. § 19-10-215(b). Payment of the funds in question would have to be made strictly in accordance with the appropriation. Arkansas Constitution, art. 5, § 29. The money, according to my understanding, has yet to be appropriated and as a consequence, it is impossible to determine at this stage whether a direct payment to an insurance company would comply with the appropriation. It should be noted that the General Assembly has ultimate authority over the decisions of the Claims Commission. Arkansas law expressly provides that decisions of the Arkansas State Claims Commission may be appealed only to the Arkansas General Assembly. A.C.A. § 19-10-211(a) (emphasis added). See also,Hanley v. Arkansas State Claims Commission, 333 Ark. 159, 970 S.W.2d 198
(1998), citing Fireman's Ins. Co. v. Arkansas State Claims Comm'n,301 Ark. 451, 784 S.W.2d 771 (1990) (stating that the Commission is an "arm" of the legislature"). Although my office of course stands ready to provide requested legal assistance to state officers in the performance of their duties, this is a matter that falls within the province of the General Assembly and its appropriate committees.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh