FIREMAN'S INSURANCE CO. & D.H. Blattner & Sons, Inc. *v.* ARKANSAS STATE CLAIMS COMMISSION and Arkansas State Highway and Transportation Department

89-245                                              784 S.W.2d 771

Supreme Court of Arkansas
Opinion delivered February 26, 1990
[Rehearing denied March 26, 1990.*]

---

*Dudley and Price, JJ., not participating.

452

*Arnold, Grobmyer & Haley, A Professional Association,* by: *Robert R. Ross;* and *Niewald, Waldeck, Norris & Brown, A Professional Corporation,* by: *Kevin E. Glynn,* for appellants.

*Steve Clark,* Att'y Gen., by *R.B. Friedlander,* Solicitor General and *John D. Harris,* Asst. Att'y Gen., for appellee Arkansas State Claims Commission.

*Robert L. Wilson, Tom G. Lorenzo,* and *Charles Johnson,* for appellee Arkansas State Highway and Transportation Department.

OTIS H. TURNER, Justice. This action commenced as a claim filed by appellants with the Arkansas Claims Commission.

Potashnik Corporation and Sajan Construction Corporation contracted with the Arkansas Highway and Transportation Department for certain highway construction. Following default of the original contractors, Fireman's Insurance Company as surety on the contractor's performance bond, retained Blattner and Sons, Inc. to complete the projects. During completion of construction, disputes arose between Fireman's and Blattner on the one hand and the Arkansas Highway and Transportation Department on the other, over costs and damages alleged to have occurred during completion, for which Fireman's and Blattner claimed entitlement from the department.

A complaint was filed with the Arkansas State Claims Commission and the hearing was held at which Fireman's and Blattner were afforded an opportunity to prove their claim. A

complete transcript of that hearing was made and preserved. The Claims Commission subsequently issued its written order finding no improper action on the part of the Highway and Transportation Department and denied the claim in its entirety.

From that order the appellant petitioned the circuit court for review under the provisions of the Administrative Procedure Act and subsequently filed in circuit court a petition for writ of certiorari seeking a reversal of the Commission's order and entry of judgment, or in the alternative, a de novo jury trial or oral hearing and written briefs. The appellees moved to dismiss the petition for writ of certiorari and petition for Administrative Procedure Act review. After a hearing the motion was granted and the petitions dismissed. From this order of dismissal, Fireman's and Blattner bring this appeal.

Though the appellants make compelling arguments, we are persuaded that the sovereign immunity granted by the Constitution of the State of Arkansas bars an action against the state and that the procedure for hearing claims as established by the General Assembly meets due process requirements and that the order of the circuit court should be affirmed.

Six alleged errors are asserted by appellant: (1) the Administrative Procedures Act applies here and judicial review from the Claims Commission should therefore be granted, (2) Arkansas case law dictates a review of the Claim's Commission decisions by certiorari to the circuit court; (3) sovereign immunity would not be violated by review under either the Administrative Procedure Act or on certiorari; (4) the circuit court was in error in holding that the Claims Commission is an arm of the General Assembly; (5) the Claims Commission's order and the court's denial of review is violative of appellant's due process rights; (6) the Claims Commission's order and the dismissal by the court of appellant's petition for review is violative of the doctrine of separation of powers.

In holding that the doctrine of sovereign immunity as dictated by the Arkansas Constitution and interpreted by a long line of case law bars the relief sought by appellants, the first five of appellants' points will be considered together. The Constitution of Arkansas provides that the state of Arkansas shall never be made a defendant in any of her courts. Arkansas Constitution of

1874, Article 5, Section 20. The completeness of the intent of such immunity is best illustrated by the long and unequivocal line of cases expressly recognizing and protecting the immunity. As early as *Pitcock* v. *State*, 91 Ark. 527, 121 S.W. 742 (1913), this court held that the constitutional prohibition was not merely declaratory that the state could not be sued without her consent, but that *all* suits against the state were expressly forbidden. Further, where the pleadings show that the action is, in effect, one against the state, the trial court acquires no jurisdiction.

Extending this immunity to its next logical step, we held that where a suit is brought against an agency of the state with relation to some matter in which the defendant represents the state in action and liability, and the state, though not a party of record, is the real party in interest so that judgment for plaintiff would operate to control the action of the state or to subject the state to liability, the action is, in effect, one against the state and prohibited by the constitutional bar. *Page* v. *McKinnley*, 196 Ark. 331, 118 S.W.2d 235 (1938). *See also, Beaulieu* v. *Gray*, 288 Ark. 395, 705 S.W.2d 880 (1986).

To further illustrate the intent of the General Assembly to keep and maintain a doctrine of complete sovereign immunity, this court, in 1979, while recognizing the complete immunity enjoyed by the state for the acts of its officers and employees, held that in the absence of specific legislation extending immunity to those officers and employees, they were not individually protected under the umbrella of the state's immunity. At the very next session of the legislature, a statute was passed extending the state's immunity to its officers and employees in the absence of malicious acts. Ark. Code Ann. § 19-10-305 (1987).

The only exception to total and complete sovereign immunity from claims which has been recognized by this court occurs when the state is the moving party seeking specific relief. In that instance the state is prohibited from raising the defense of sovereign immunity as a defense to a counterclaim or offset. *Parker* v. *Moore*, 222 Ark. 811, 262 S.W.2d 891 (1953).

In addition to Article 5 of the Constitution invoking sovereign immunity in relation to actions against the state, the framers of the Constitution included a subsequent provision stating that the *General Assembly* shall provide for payment of all just and

legal debts of the state. Arkansas Constitution of 1874, Article 16, Section 2. For many years these debts, after processing by the legislature, were paid by special acts of the General Assembly for claimants the legislature deemed deserving. As the state grew and the legislative demands increased, the General Assembly was apparently unable to devote sufficient time to the investigation and action required in handling each individual claim. The answer was passage of the first Claims Commission Act in 1933. A similar act was passed each two years thereafter until Act 53 of the 1945 General Assembly was enacted, creating the Board of Fiscal Control, the first continuing body to consider whether the individual claims against the state were "just and legal debts" which should be honored and worthy of recommendation to the General Assembly for the appropriation of funds for payment.

In 1949 the General Assembly created the State Claims Commission by Act 462 of 1949, which granted to the Commission exclusive jurisdiction over *all* claims against the state and its agencies, departments and institutions (with certain exceptions not here involved). Section 6 of Act 462 provided that "[t]he action taken by the Commission with respect to the allowance or disallowance of a claim, in whole or in part, shall be final and binding on all parties thereto and *shall not be subject to judicial review* at their instance." (Emphasis added.) Further, that "[a]fter the hearing, the Commission shall prepare a finding of fact and make a determination for disposition of the claim, which finding and determination, together with the entire record shall be made available to the General Assembly at its session next succeeding the Commission's action on the claim." Thereafter, "the State Comptroller shall submit to [the General Assembly] an appropriation bill covering specifically each claim approved by the Commission prior to that date." Section 6 of the Act concluded by declaring that the Act shall in no manner be construed as enlarging the liabilities of the state or any of its agencies.

Act 373 of 1951 amended sections 1, 4, 7, 9, 10, and 12 of Act 462 of 1949 and repealed sections 8 and 14. Section 6, however, was neither amended nor repealed.

Section 1 of Act 276 of 1955 abolished the "State Claims Commission" established by Act 462 of 1949 and established a

new commission, the "Arkansas State Claims Commission," which was declared in Section 3 to "*have all the powers, duties and jurisdiction of the Commission* which it replace[d]." Act 276 further directed that the "Commission" thus created "shall be governed by all laws now or hereafter provided for the government of claim proceedings in this State." Section 4 repealed "[a]ll laws and parts of laws in conflict herewith."

The repealer clause, however, did not affect section 6 of Act 462 of 1949. Nothing in the 1955 Act addressed the mechanics of Commission action and review. Instead, Act 276 of 1955 dealt with the composition of the Commission and the compensation of its members.

The legislature has thus created a method by which claims alleged to be "just and legal debts of the state" shall be filed, processed, and reviewed by the General Assembly while preserving the state's sovereign immunity as declared in the Constitution.

We are not impressed by appellants' argument that the dismissal by the circuit court of the petition for certiorari and review under the Administrative Procedure Act constitutes a denial of appellants' due process rights. The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. *Armstrong* v. *Manzo*, 380 U.S. 545 (1965). The due process requirements of the Constitution are satisfied when an adequate post-deprivation procedure exists. *See Parratt* v. *Taylor*, 451 U.S. 524 (1981). The Arkansas post-deprivation procedure is through the Claims Commission process.

The Arkansas Administrative Procedure Act, Ark. Code Ann. §§ 25-15-201 to -213 (1987 and Supp. 1989), providing for a review from actions of state commissions and agencies, has no application to the State Claims Commission. The act creating the Claims Commission clearly creates it as an arm of the legislature, reporting solely to that body. Section 25-15-202(1) defining "agency", states that agency means each board, commission, department, officer or other authority of the government of the state of Arkansas, whether or not within or subject to review by another state agency, *except* the General Assembly, the courts and the Governor.

■ Since the act creating the Claims Commission grants the power of review *only* to the legislature and without question delegated to the Commission duties which are, under the Constitution, solely the duties of the General Assembly, the Claims Commission proceedings are thus proceedings of the General Assembly and not subject to the provisions of the Administrative Procedure Act.

Appellants are thus obliged to seek review by the General Assembly under the Claims Commission rule promulgated by the Commission under the authority of the General Assembly. Appellants have elected to bypass those rules and proceedings and seek direct review by the judicial system without exhausting the remedies provided by the Claims Commission.

■ Appellants have no standing to argue a denial of due process unless and until they have exhausted their procedural remedies. *See Barr* v. *Arkansas Blue Cross and Blue Shield, Inc.*, 297 Ark. 262, 761 S.W.2d 174 (1988). In this instance the remaining remedy is a review by the General Assembly.

■ Since we hold that the Claims Commission is an arm of the General Assembly and the General Assembly has total control over the determination of, and subsequent funding for, payment of the "just debts and obligations of the state" — all other avenues for redress through legal proceedings being barred by the sovereign immunity provision of the Arkansas Constitution — appellants' argument that the State Claims Commission system, without a provision for judicial review, violates the separation of powers doctrine, is without merit.

Affirmed.