STATE of Arkansas; University of Arkansas;
University of Arkansas Cooperative Extension Service; and
University of Arkansas Board of Trustees *v.* Gary GOSS

00-841                                              42 S.W.3d 440

Supreme Court of Arkansas
Opinion delivered April 26, 2001

*Jeffrey A. Bell* and *Rhonda M. Thornton*; and *Lori L. Freno*, for appellants.

*John Patterson, P.A.* and *Sowers & Wolf, LLC*, by: *D. Eric Sowers*, for appellee.

DONALD L. CORBIN, Justice. This is an interlocutory appeal from a denial of a motion to dismiss based on a claim of sovereign immunity. Appellants are the State of Arkansas, the University of Arkansas ("University"), the University of Arkansas Cooperative Extension Service ("Cooperative Extension"), and the University of Arkansas Board of Trustees ("Board"). Appellee Gary Goss filed a complaint alleging that Appellants had refused to hire him because of his age. The issue before this court is whether Appellee has a viable claim against Appellants in State court. As this appeal involves an issue of interpretation of the sovereign-immunity provisions of the Arkansas Constitution, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(1).

The record reflects that Appellee applied for a position with the University's Cooperative Extension on August 1, 1995, at which time he was forty-four years old. A three-person selection committee was responsible for filling this position. The job was given to another candidate, who was under the age of forty. Appellee filed a claim on October 15, 1996, in the White County Circuit Court alleging that he was not given the job because of his age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"). Appellants responded to the complaint on October 24, 1996, with a notice of removal to the United States District Court. That same day, Appellants filed their answer in the district court denying Appellee's allegations. Therein, they claimed that Appellee was barred from suing them by the Eleventh Amendment to the

United States Constitution, pursuant to the United States Supreme Court's decision in *Seminole Indian Tribe of Florida v. Florida*, 517 U.S. 44 (1996).

On June 18, 1997, Appellants filed a motion for summary judgment in the district court alleging that Appellee had failed to state facts upon which relief could be granted and averring that they were entitled to immunity under the Eleventh Amendment. On August 29, 1997, the district court entered an order denying Appellants' motion to dismiss on grounds of Eleventh Amendment immunity, but granting it with regard to Appellee's failure to state a claim. Appellee appealed the order dismissing his claim to the Eighth Circuit Court of Appeals. Without ruling on the merits, the Eighth Circuit ruled that the district court lacked jurisdiction to hear Appellee's claim because the Eleventh Amendment prohibits ADEA suits against a State and its agencies in federal court.

Appellee then moved the district court to remand the case back to the White County Circuit Court. Upon remand, Appellants filed a motion to amend their answer in light of the fact that the case had been remanded to State court. In that motion, Appellants stated that an amended answer was necessary to address the issues of sovereign immunity and venue.

Following the grant of their motion, Appellants filed an amended answer asserting that Appellee's claim was barred on the basis of sovereign immunity, pursuant to Article 5, Section 20 of the Arkansas Constitution. Appellants also answered that Pulaski County was the proper venue for this case, as it was a suit against the State and its agencies. Appellee filed an amended complaint alleging that Appellants' actions violated both the ADEA and the Arkansas Age Discrimination Prohibition Act ("ADPA"), codified at Ark. Code. Ann. §§ 21-3-201-205 (Repl. 1996). Appellants filed an answer to the amended complaint again asserting the affirmative defense of sovereign immunity and challenging venue.

Appellants subsequently filed a motion to dismiss, pursuant to Ark. R. Civ. P. 12(b)(1), (2), (3), and (6), wherein they alleged that they were immune from suit and that improper venue required dismissal of the action. The trial court denied Appellants' motion to dismiss. The trial court's order stated that all parties were in agreement that Appellee could not maintain a claim under the ADEA in State court. The trial court then found that the State may not be sued under section 21-3-203 in the absence of any specific waiver to the contrary. The trial court went on to find, however, that

while the State may not be sued under the ADPA, the individual functionaries who may or may not have violated the law may be subject to liability. In sum, the trial court found that the only cause of action Appellee could maintain was against the members of the Board for any acts that may have been *ultra vires*. Finally, the trial court agreed that while venue was proper in Pulaski County, Appellants had waived this argument because they failed to raise the issue of venue within twenty days of service of process. From that order, comes the instant appeal.

■ Ordinarily, an appeal may not be taken from an order denying a motion to dismiss. This court has held, however, that an appeal may be taken from an order denying a motion to dismiss, under Ark. R. App. P.—Civ. 2(a)(2) based on the movant's assertion that he is immune from suit. *See Newton v. Etoch*, 332 Ark. 325, 965 S.W.2d 96 (1998); *Virden v. Roper*, 302 Ark. 125, 788 S.W.2d 470 (1990). The rationale justifying an interlocutory appeal is that the right to immunity from suit is effectively lost if the case is permitted to go to trial. *Id.*

■ On appeal, Appellants argue that Appellee's suit against them is barred by the doctrine of sovereign immunity. Sovereign immunity is jurisdictional immunity from suit. *Milberg, Weiss, Bershad, Hynes, & Lerach, LLP v. State*, 342 Ark. 303, 28 S.W.3d 842 (2000); *State Office of Child Support Enforcem't v. Mitchell*, 330 Ark. 338, 954 S.W.2d 907 (1997). This defense arises from Article 5, Section 20 of the Arkansas Constitution, which provides: "The State of Arkansas shall never be made a defendant in any of her courts." This court has consistently interpreted this constitutional provision as a general prohibition against awards of money damages in lawsuits against the state and its institutions. *See, e.g., Cross v. Arkansas Livestock & Poultry Comm'n*, 328 Ark. 255, 943 S.W.2d 230 (1997); *Fireman's Ins. Co. v. Arkansas State Claims Comm'n*, 301 Ark. 451, 784 S.W.2d 771, *cert. denied*, 498 U.S. 824 (1990). The doctrine of sovereign immunity is rigid and may only be waived in limited circumstances. *Mitchell*, 330 Ark. 338, 954 S.W.2d 907. This court has recognized only two ways in which a claim of sovereign immunity may be surmounted: (1) where the state is the moving party seeking specific relief; and (2) where an act of the legislature has created a specific waiver of immunity. *Id.* Appellee contends that this matter falls within the latter exception because the legislature's passage of the ADPA constituted a waiver of the State's sovereign immunity. We disagree.

The ADPA prohibits public employers from discriminating on the basis of age. It also sets forth the definition of a "public employer" and limits the Act's provisions to those person who are at least forty years of age. There is, however, no declaration of legislative intent to waive the State's sovereign immunity. Nothing in the ADPA subjects the State to liability for monetary damages for violations of the Act's provisions. Here, the only relief Appellee seeks under his state claim is an award of monetary damages. Because the ADPA does not provide for such an award, Appellee's claim under this Act fails. This court will not read into a statute a provision that simply was not included by the General Assembly. Accordingly, we reverse and dismiss this matter.