Janet DOWNEN, Administratrix of the Estate of Allen
Christopher Keith, Deceased  *v.*  Michael REDD, Individually,
Smith, Maurras, Cohen, Redd & Horan, PLC, and
McCormick Asphalt Paving and Excavation, Inc.

06-456                                                     242 S.W.3d 273

Supreme Court of Arkansas
Opinion delivered November 2, 2006

*Gary Eubanks & Associates*, by: *Russell Marlin* and *Jeffrey Weber*,
for appellant.

*Hardin, Jesson & Terry, PLC*, by: *Robert M. Honea*, for appellee
McCormick Asphalt Paving & Excavation, Inc.

*Friday, Eldredge & Clark, LLP*, by: *Clifford W. Plunkett* and *Seth
M. Haines*, for appellees Michael Redd, and Smith, Maurras, Cohen,
Redd & Horan, PLC.

TOM GLAZE, Justice. In this tort case, Allen Keith, an
employee of McCormick Asphalt Paving and Excavation,
Inc., was injured while working on a job site located on Interstate 40

in Johnson County. Keith eventually died from the injuries he sustained after an Ingersoll-Rand asphalt roller rolled forward and pinned him against another roller.

Appellant Janet Downen, Keith's mother, filed a complaint on Keith's behalf alleging that, prior to Keith's death, the Gary Eubanks and Associates Law Firm had requested that McCormick Asphalt provide it access to the Ingersoll-Rand roller so that it could inspect the machine. The complaint further asserted that Michael Redd, an attorney for McCormick Asphalt, denied Downen's attorneys' request by a letter, wherein Redd explained that access to the roller would be denied until counsel with the Eubanks Firm was properly appointed by the probate court to represent Keith's estate. The Downen complaint further reflected that Downen had been appointed administratrix of Keith's estate, and she had already filed a wrongful-death lawsuit against Ingersoll, the manufacturer of the roller.[1] During the discovery phase of that trial, Downen's counsel learned the roller had been sold by McCormick Asphalt. Because the machine was no longer available, Downen claimed Keith's wrongful-death lawsuit had been prejudiced.[2]

Downen thereafter filed a complaint in Sebastian County Circuit Court against Redd, individually; his law firm, Smith, Maurras, Cohen, Redd & Horan, PLC; and McCormick Asphalt. Downen's complaint alleged, among other things, that all the named defendants were liable for spoliation of evidence. Redd and his law firm filed a motion to dismiss, asserting that the complaint did not state a cognizable claim under Ark. R. Civ. P. 12(b)(6) because Arkansas does not recognize a claim for spoliation of evidence. The circuit court agreed and dismissed the spoliation claim as to Redd and his law firm. The circuit court then transferred the remaining spoliation claim against McCormick Asphalt to Franklin County Circuit Court. That court later entered an order dismissing all the claims against McCormick Asphalt, which specifically included the spoliation-of-evidence claim. Downen appeals that court's order. Downen's only point on

---

[1] The underlying assertion to this products-liability lawsuit was that the roller was defective (it rolled forward even though Keith had activated the brakes).

[2] Downen's complaint does not indicate if the products-liability lawsuit was dismissed.

appeal is that the Franklin County Circuit Court erred when it dismissed the spoliation-of-evidence-tort claim. We affirm the circuit court's dismissal.[3]

We review a trial court's decision on a motion to dismiss by treating the facts alleged in the complaint as true and by viewing them in the light most favorable to the plaintiff. *Hanks v. Sneed*, 366 Ark. 371, 235 S.W.3d 883 (2006). In viewing the facts in the light most favorable to the plaintiff, the facts should be liberally construed in plaintiff's favor. *Id.* Our rules require fact pleading, and a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief. *Id.*

In *Goff v. Harold Ives Trucking Co., Inc.*, 342 Ark. 143, 27 S.W.3d 387 (2000), our court refused to recognize a cause of action for first-party spoliation. In *Goff*, we defined spoliation as the intentional destruction of evidence. Here, the sole question on appeal is whether Arkansas will recognize a tort for intentional third-party spoliation. Downen contends that, absent a separate cause of action, third parties can destroy evidence with little or no consequence. Although they filed separate briefs, the appellees/defendants collectively submit that a third-party-spoliation-tort claim should not be treated any differently than a first-party-spoliation-tort claim.

It is necessary to first discuss our court's decision in *Goff v. Harold Ives Trucking Co., Inc., supra.* In *Goff*, the court's stated reason for rejecting a first-party spoliation tort was premised on the fact that courts can punish spoliators through other means. There, Ms. Goff, a motorist, was injured in an accident by a tractor-trailer rig driven by an employee of Harold Ives Trucking. Ms. Goff sued Harold Ives in federal district court. Sometime during the course of discovery, the Goffs learned that Harold Ives had either negligently or intentionally lost or destroyed some of its truck driver's logs. Specifically, the logs, according to the Goffs, indicated the Harold Ives driver's "hours of service," or how long the driver had

---

[3] The appellees/defendants collectively argue that Downen was required to file a notice of appeal in Sebastian County Circuit Court, and, because she did not do so, we are without jurisdiction of that order. In fact, the Franklin County Circuit Court also opined in its order that Downen should have appealed from the Sebastian County Circuit Court order. However, any attempt made by Downen to appeal from the Sebastian County Circuit Court, absent an Ark. R. Civ. P. 54(b) certification, would have been dismissed because that order had not adjudicated all the outstanding claims. In other words, the Sebastian County Circuit Court's order was not final, and, thus, not appealable.

been on the road before the accident. The federal district court only permitted recovery for compensatory damages with respect to the underlying negligence claim, and, consequently, the Goffs voluntarily nonsuited the spoliation-of-evidence claim. Subsequently, the Goffs filed a suit in Pulaski County, alleging a sole claim for spoliation of evidence. The circuit court, however, dismissed the Goffs' complaint. *See* Ark. R. Civ. P. 12(b)(6).

Relying heavily on the California Supreme Court's reasoning in *Cedars-Sinai Med. Ctr. v. Superior Court*, 18 Cal. 4th 1, 954 P.2d 511, 74 Cal. Rptr. 2d 248 (1998), our court in *Goff* affirmed the Pulaski County Circuit Court's dismissal of the complaint. We explained that there was essentially no utility in recognizing a new cause of action, as there are other sufficient avenues for relief without the creation of a new tort. First, the *Goff* court concluded that evidentiary inferences are permitted in such cases, wherein an aggrieved party can request that a jury be instructed to draw a negative inference against the spoliator. Second, we explained that other remedies were available for these cases, including discovery sanctions under Ark. R. Civ. P. 37(b), disciplinary sanctions against attorneys guilty of spoliating evidence, and the criminal sanctions for spoliation of evidence under Ark. Code Ann. § 5-53-111 (Repl. 1997). Finally, we noted that a strong policy consideration weighed against the adoption of a new tort. Specifically, we were concerned with the speculative nature of damages in these cases, as the question would go not only to the amount of damages caused by the destruction of the evidence, but also to the very existence of the injury. The California Supreme Court further explained this policy consideration as follows:

> The elements of causation and damages, . . . in the continuing absence of the spoliated evidence, would be nearly impossible to prove, and permitting a cause of action that necessarily would be based upon speculation and conjecture could burden the courts with claims that may be peculiarly productive of arbitrary and unreliable verdicts.

*Temple Cmty. Hosp. v. Superior Court*, 20 Cal. 4th 464, 470, 976 P.2d 223, 228, 84 Cal. Rptr. 2d 852, 857 (1999)(citing *Cedars Sinai Med. Ctr., supra.*)

The California Supreme Court has also considered and declined to recognize a third- party spoliation-of-evidence tort. *Temple Cmty. Hosp., supra.* In *Temple*, the California Supreme

Court expanded its earlier holding in *Cedars-Sinai Med. Ctr.*, *supra.* Specifically, in *Temple*, the plaintiff was burned by a fire in a facial operation when a tool ignited oxygen in the anesthesia mask. The plaintiff sued, among others, the manufacturer of the tool, but later learned that the hospital had destroyed the tool despite numerous attempts by plaintiff's counsel to preserve the evidence.

As in the case before us, the products-liability portion of the lawsuit in *Temple* had been prejudiced when the missing tool evidence could no longer be produced. In declining to recognize a third-party spoliation-of-evidence tort, the California Court gave the following reasons:

> As we shall explain, many of the considerations that led us in *Cedars-Sinai* to decline to recognize a tort cause of action for spoliation apply with equal weight when the spoliation is committed by a third party. The doubtful benefit of the proposed tort remedy is outweighed by the prospect of a spiral of litigation giving rise to verdicts based upon speculation. In addition, it would be anomalous for a nonparty to be liable in damages, including punitive damages, for conduct that would not give rise to tort liability if committed by a party. We conclude that no tort cause of action will lie for intentional third party spoliation of evidence.

*Temple Cmty. Hosp.*, 20 Cal. 4th at 466, 976 P.2d at 225, 84 Cal. Rptr. 2d at 854.

Reiterating this analysis in the above-cited quote, while *Goff*, *supra*, and *Cedars-Sinai Med. Ctr.*, *supra*, concerned a first-party spoliation of evidence tort claim, many of the considerations that influenced us in those cases, along with the reasoning set forth in *Temple Cmty. Hosp.*, *supra*, guide us to conclude that a third-party spoliation-of-evidence cause of action should not be adopted in this State. First and foremost, as explained in *Temple Cmty. Hosp.*, *supra*, it is unreasonable for us to conclude that a nonparty can be liable for damages, including the possibility of punitive damages, for the same conduct that would not be actionable if committed by a party to the lawsuit. *Goff*, *supra*. Moreover, as explained in *Goff*, we must be concerned with the speculative nature of damages in a case such as this. The question, much like that in a first-party spoliation-tort suit, goes not only to the amount of damages caused by the destruction of evidence (causation), but also to the very existence of the injury (damages). *See Goff*, 342 Ark. at 149, 27 S.W.3d at 390.

Notably, there are distinctions in the remedies afforded to victims of third-party spoliation and those afforded to victims of first-party spoliation. In the case of first-party spoliation, a victim has the evidentiary inference that can be used to bolster a theory against a spoliating party and the benefit of most of the discovery sanctions under our rules of civil procedure. While these remedies are admittedly not available against third parties, third-party spoliation victims are not completely without recourse. For instance, a party can seek a court order directing preservation or a contractual agreement with the property owner. Under Ark. R. Civ. P. 45(b) (2006), a lawyer may subpoena a person to produce "tangible things" for inspection, and should the person fail to do so, Ark. R. Civ. P. 45(g) allows the court to use its contempt powers to compel the inspection. Rule 34(c) of the Arkansas Rules of Civil Procedure also provides for an independent action against a non-party for the production of evidence. Finally, criminal sanctions remain available under Ark. Code Ann. § 5-53-111 (Repl. 2005), and attorneys who are guilty of spoliating evidence are still subject to discipline under Rule 8.4 of the Model Rules of Professional Conduct.

Of course, there are some jurisdictions that have concluded that such a tort is cognizable. *See* Richard E. Kaye, *The Effect of Spoliation of Evidence in Products Liability Actions*, 102 A.L.R.5th 99 (2002). For instance, in *Coleman v. Eddy Potash, Inc.*, 120 N.M. 645, 905 P.2d 185 (1995), *overruled on other grounds by Delgado v. Phelps Dodge Chino, Inc.*, 131 N.M. 272, 34 P.3d 1148 (2001), an injured worker brought an action against her former employer for intentional (and negligent) spoliation of evidence when the worker learned that the employer had disassembled and replaced a conveyor belt that malfunctioned and caused the employee's injuries. In deciding to recognize this tort, the New Mexico Supreme Court reasoned, "We based our recognition of this tort on our belief that the intentional destruction of potential evidence in order to disrupt or defeat another person's right of recovery is highly improper and cannot be justified." *Coleman*, 120 N.M. at 649, 905 P.2d at 189.

While New Mexico has adopted third-party spoliation as a separate tort, the Georgia Court of Appeals, in a case very much like this one before us, refused to recognize that tort in *Owens v. American Refuge Sys., Inc.*, 244 Ga. App. 780, 536 S.E.2d 782 (2000). In the *Owens* case, Owens was injured on the job when a cap blew off a pressure tank. When Owens went to sue the

manufacturer in a products–liability lawsuit, he discovered that the employer had destroyed the tank. He subsequently filed suit against his employer, a third party, for spoliation of evidence. The Georgia court, in declining to recognize a third-party spoliation tort claim, stated that a litigant already has traditional means of securing evidence available, including such matters as a court order directing preservation or a contractual agreement with the property owner. *Id. See also Koplin v. Rosel Well Perforators, Inc.*, 241 Kan. 206, 734 P.2d 1177 (1987).

In light of *Goff*, we believe it would be inconsistent for us to hold that a third party, who is not a party to the underlying action, could be liable for damages, including the possibility of punitive damages, for the same conduct that would not be actionable if committed by a party to the lawsuit. *See Goff, supra.* Furthermore, we cannot recognize a new tort as a means to deter third-party spoliation of evidence when the result of such a tort would create potentially endless litigation over speculative loss. A victim of third-party spoliation should seek a remedy in a means other than an individual tort claim.

Affirmed.