Dennis SIMONS, Individually and in His Official Capacity as an Arkansas State Trooper *v.* Barbara MARSHALL

06-1087                                                   255 S.W.3d 838

Supreme Court of Arkansas
Opinion delivered April 26, 2007

*Dustin McDaniel*, Att'y Gen., by: *Christopher R. Hart*, Ass't Att'y Gen., for appellant.

*Wilson Law Firm, P.A.*, by: *E. Dion Wilson*, for appellee.

DONALD L. CORBIN, Justice. Appellant Dennis Simons brings this interlocutory appeal from an order of the Phillips County Circuit Court denying his motion to dismiss Appellee Barbara Marshall's complaint. On appeal, Simons argues that it was error to deny his motion to dismiss because: (1) he, in his official capacity, is immune from suit pursuant to article 5, section 20, of the Arkansas Constitution; (2) he, in his official capacity, is not a "person" as the term is used in the Arkansas Civil Rights Act of 1993, codified at Ark. Code Ann. §§ 16-123-101–108 (Supp. 2003); and (3) Marshall's state-law claims are barred by Ark. Code Ann. § 19-10-305(a) (Repl. 1998). As this appeal involves issues of statutory interpretation, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(b)(6). We reverse the order of the trial court.

The facts of this case are as follows. Marshall was in a vehicle, driven by James Morgan, that was traveling along Highway 44 in Phillips County. As they turned onto Highway 20, Arkansas State Trooper Dennis Simons stopped the pair. Morgan exited the vehicle and had a brief conversation with Simons. Simons called in Morgan's driver's license and discovered that there were outstanding warrants for Morgan's arrest. Simons handcuffed Morgan and placed him in the back of his patrol car.

Simons then approached Marshall and asked her if she had a driver's license, to which Marshall replied that she did not. According to Marshall, this made Simons angry, and he ordered

her to step out of the car. Then, according to Marshall, Simons "grabbed and groped on [her] breast." Marshall further alleged that Simons also groped her between her legs and when she asked him to stop, he replied, "Don't you know I'm a man with a gun." According to Marshall, Simons then told her to walk home because he was not going to take her home, and he was having Morgan's car towed.

Marshall filed a civil-rights action against "John Doe, State Trooper, Individually and In His Official Capacity As An Arkansas State Trooper" on March 23, 2001. Therein, she alleged that her rights under the Fourth and Fourteenth Amendments, as well as the Arkansas Civil Rights Act, had been violated as a result of the trooper's use of excessive force and unlawful detention. This complaint was subsequently dismissed pursuant to Ark. R. Civ. P. 41(b) for lack of prosecution.

Marshall filed a new complaint against Simons, individually and in his official capacity, on October 18, 2004. Therein, she alleged that Simons's unreasonable search and seizure of her person was malicious and done with the intent to harass and demean her and resulted in a violation of her rights under the Arkansas Civil Rights Act. Marshall requested punitive damages and a recovery of attorney's fees.

On March 23, 2005, Simons filed a motion to dismiss pursuant to Ark. R. Civ. P. 12(b)(6) and article 5, section 20, of the Arkansas Constitution. Therein, Simons argued that Marshall failed to state facts to support a claim of malicious conduct and that he is immune from suit pursuant to section 19-10-305(a). Marshall filed a response and argued that her complaint demonstrated that Simons "acted with total malice in abusing the plaintiff sexually without any just and reasonable cause or facts to support a search." Following a hearing on the motion to dismiss, the trial court entered an order denying, without explanation, Simons's motion to dismiss. This interlocutory appeal followed.

As his first point on appeal, Simons argues that it was error for the trial court to deny his motion to dismiss Marshall's complaint because he is immune from suit pursuant to article 5, section 20. Specifically, Simons argues that Marshall's action against him in his official capacity is a suit against the state and because the state possesses jurisdictional immunity from suit; the trial court erred in failing to dismiss Marshall's action against him in his official capacity. Marshall counters that Simons is not

immune under article 5, section 20, because the malicious nature of his conduct is not protected by section 19-10-305(a) and, accordingly, the coffers of the State of Arkansas are not at issue.

Before addressing the merits of Simons's argument, we note that while normally an appeal may not be taken from an order denying a motion to dismiss, such an appeal as the present one may be taken under Ark. R. App. P. – Civil 2(a)(2) based on the movant's assertion that he is immune from suit. *See State v. Goss*, 344 Ark. 523, 42 S.W.3d 440 (2001); *Newton v. Etoch*, 332 Ark. 325, 965 S.W.2d 96 (1998). The rationale justifying an interlocutory appeal is that the right to immunity from suit is effectively lost if the case is permitted to go to trial. *Id.* As Simons invokes his right to immunity, both in his official and personal capacity, this is a proper interlocutory appeal.[1]

In reviewing a trial court's decision on a motion to dismiss, we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *Downen v. Redd*, 367 Ark. 551, 242 S.W.3d 273 (2006); *Hanks v. Sneed*, 366 Ark. 371, 235 S.W.3d 883 (2006). In viewing the facts in the light most favorable to the plaintiff, the facts should be liberally construed in the plaintiff's favor. *Id.* Our rules require fact pleading, and a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief. *Id.*

In *Goss*, 344 Ark. 523, 526, 42 S.W.3d 440, 442-43, this court discussed the doctrine of sovereign immunity and explained:

> Sovereign immunity is jurisdictional immunity from suit. *Milberg, Weiss, Bershad, Hynes, & Lerach, LLP v. State*, 342 Ark. 303, 28 S.W.3d 842 (2000); *State Office of Child Support Enforcem't v. Mitchell*, 330 Ark. 338, 954 S.W.2d 907 (1997). This defense arises from Article 5, Section 20 of the Arkansas Constitution, which provides: "The State of Arkansas shall never be made a defendant in any of her courts." This court has consistently interpreted this constitutional provision as a general prohibition against awards of money damages in lawsuits against the state and its institutions. *See, e.g., Cross v. Arkansas Livestock & Poultry Comm'n*, 328 Ark. 255, 943

---

[1] We find no merit in Marshall's assertion that this is not a proper interlocutory appeal, as Simons's argument involves interpretation or construction of the Arkansas Constitution. Clearly, Simons's claim that the trial court erred in denying his motion to dismiss is based on his invocation of immunity from suit, which is a proper interlocutory appeal.

S.W.2d 230 (1997); *Fireman's Ins. Co. v. Arkansas State Claims Comm'n*, 301 Ark. 451, 784 S.W.2d 771, *cert. denied*, 498 U.S. 824 (1990). The doctrine of sovereign immunity is rigid and may only be waived in limited circumstances. *Mitchell*, 330 Ark. 338, 954 S.W.2d 907. This court has recognized only two ways in which a claim of sovereign immunity may be surmounted: (1) where the state is the moving party seeking specific relief; and (2) where an act of the legislature has created a specific waiver of immunity. *Id.*

With regard to actions under the Arkansas Civil Rights Act, the General Assembly specifically reserved the state's right to immunity from suit. Section 16-123-104, provides that "[n]othing in this subchapter shall be construed to waive the sovereign immunity of the State of Arkansas." As a result, this court has previously rejected arguments that there was an intent to waive the state's sovereign immunity within the confines of the civil rights act. *See Short v. Westark Cmty. College*, 347 Ark. 497, 65 S.W.3d 440 (2002).

We agree with Simons that Marshall's action against him in his official capacity as an Arkansas State Trooper is tantamount to a suit against the state. This court has held that "[a] suit against a state official in his or her official capacity is not a suit against that person, but rather is a suit against that official's office." *Hanks*, 366 Ark. at 379, 235 S.W.3d at 889 (quoting *Fegans v. Norris*, 351 Ark. 200, 206, 89 S.W.3d 919, 924 (2002)). We have further elaborated that official-capacity suits generally represent but another way of pleading an action against the entity of which the officer is an agent. *See Crawford County v. Jones*, 365 Ark. 585, 232 S.W.3d 433 (2006); *City of Marianna v. Arkansas Mun. League*, 291 Ark. 74, 722 S.W.2d 578 (1987).

Finally we note that even where the state is not named as a defendant, if a judgment for the plaintiff will operate to control the action of the state or subject it to liability, we treat the suit as one against the state. *Fegans*, 351 Ark. 200, 89 S.W.3d 919. As Marshall's request for relief, if granted, would subject the Arkansas State Police, a state agency, to liability, her suit against Simons in his official capacity is barred by article 5, section 20, of the Arkansas Constitution.

Because we hold that the trial court erred in failing to dismiss Marshall's complaint against Simons in his official capacity, it is

unnecessary to address Simons's argument that he is not a "person" as defined under the civil rights act where Marshall sought monetary damages.

Next, we turn to Simons's argument that the trial court also erred in failing to dismiss Marshall's complaint against him in his personal capacity. In this regard, Simons argues that Marshall failed to allege facts sufficient to establish malice and in the absence of malice, he is entitled to qualified immunity under section 19-10-305(a). Simons avers that Marshall's complaint contains only subjective, conclusory allegations to demonstrate any malice, when in reality, he simply conducted a pat-down search for his own safety. Marshall counters that she has alleged a cause of action for assault and battery, an intentional tort and a conscious violation of existing law; thus, Simons is not entitled to qualified immunity.

Section 19-10-305(a) provides:

> Officers and employees of the State of Arkansas are immune from liability and from suit, except to the extent that they may be covered by liability insurance, for damages for acts or omissions, other than malicious acts or omissions, occurring within the course and scope of their employment.

Despite this grant of statutory immunity, a state officer or employee may still be liable in a personal capacity. *See Grine v. Board of Trustees,* 338 Ark. 791, 2 S.W.3d 54 (1999). In that case, this court stated that suits against officers and employees alleged to be malicious are suits against the officers or employees personally, and they are liable to the extent anyone would be liable under tort law. *See also Matthews v. Martin,* 280 Ark. 345, 658 S.W.2d 374 (1983).

This court has recognized that the immunity provided by section 19-10-305 is similar to that provided by the Supreme Court for federal civil-rights claims. *Fegans,* 351 Ark. 200, 89 S.W.3d 919. There, this court recognized that an official is immune from suit if his actions did not violate clearly established principles of law of which a reasonable person would have knowledge. More specifically, section 19-10-305(a) provides state employees with statutory immunity from civil liability for non-malicious acts occurring within the course of their employment. *See Grine,* 338 Ark. 791, 2 S.W.3d 54. In defining malice, this court has stated:

> It is true that in law malice is not necessarily personal hate. It is rather an intent and disposition to do a wrongful act greatly

injurious to another." *Satterfield v. Rebsamen Ford, Inc.*, 253 Ark. 181, 185, 485 S.W.2d 192, 195 (1972); *see also Stine v. Sanders*, 66 Ark. App. 49, 987 S.W.2d 289 (1999). Malice is also defined as "the intentional doing of a wrongful act without just cause or excuse, with an intent to inflict an injury or under circumstances that the law will imply an evil intent. . . . A conscious violation of the law . . . which operates to the prejudice of another person. A condition of the mind showing a heart . . . fatally bent on mischief." *Black's Law Dictionary*, 956-57 (6th ed. 1990).

*Fegans*, 351 Ark. at 207, 89 S.W.3d at 924-25 (quoting *Fuqua v. Flowers*, 341 Ark. 901, 905-06, 205 S.W.3d 388, 391 (2000)). This court has further held that "a bare allegation of willful and wanton conduct will not suffice to prove malice." *Fegans*, 351 Ark. at 207, 89 S.W.3d at 925 (citing *Beaulieu v. Gray*, 288 Ark. 395, 705 S.W.2d 880 (1986)).

In addressing the issue of whether an appellant has sufficiently stated a claim for personal liability of a state employee, this court in *Grine*, 338 Ark. 791, 799-800, 2 S.W.3d 54, 60, explained that:

> [I]n considering the complaint on a motion to dismiss, if the acts or omissions complained of are alleged to be malicious and outside the course and scope of employment, then the coffers of the State are not implicated, and the suit is not one against the State. Under these conditions, Article 5, section 20, of the Constitution is not implicated.

The court in *Grine* went on to hold that because the appellant's complaint stated only conclusions, with no factual support, against several of the defendants, the trial court's dismissal of those defendants based on statutory immunity should be affirmed.

In the present case, Marshall alleged that her rights were violated by Simons's use of excessive force, excessive groping, and assault and battery. In pleading facts to support her claim, Marshall stated:

> 9. That the defendant, Trooper Simons, first grabbed and groped on the plaintiff's breast, and the plaintiff asked the defendant what was the purpose of him groping on her breast. The defendant did not respond but began to grope the plaintiff between her legs. The plaintiff then retaliated and requested

that the defendant stop groping her sexually on her breast and between her legs when Trooper Simons replied, "Don't you know I'm a man with a gun."

10. That after the plaintiff refused the sexual groping of defendant Simons, the defendant told to plaintiff, "Start walking home, because I am not going to take you home and I'm going to have this car towed.

. . . .

13. That the aforementioned unreasonable search and seizure was malicious and done with the intent to harass and demean the plaintiff, and the acts of the defendant, Trooper Simons, in groping the plaintiff all occurred within the course and scope of his employment as an Arkansas State Police officer.

Marshall claims that the aforementioned facts sufficiently plead a cause of action for assault and battery and demonstrated that Simons consciously violated an existing law. We are unable to see how the conclusory facts as set out in Marshall's complaint demonstrate either malice or a conscious violation of the law. Even viewing the allegations in the complaint in a light most favorable to Marshall, it remains evident that her pleadings amount to bare conclusions. Simons does not deny touching Marshall. In his answer, he averred that he conducted a safety pat-down of Marshall after she failed to produce identification and was asked to step out of the car. Simons had just arrested the driver of the car that Marshall was in on outstanding warrants and could not allow Marshall to drive the car from the scene, as she did not have a driver's license with her. Marshall claims the pat-down was an unreasonable search and seizure and categorizes the touching as groping, without any further explanation as to how Simons's contact with her was sexual in nature. Moreover, Marshall then simply concludes that Simons's actions were malicious. As this court has recognized, a bare allegation of willful and wanton conduct is not enough to demonstrate malice. *See, e.g., Fegans,* 351 Ark. 200, 89 S.W.3d 919.

We are also unpersuaded by Marshall's argument that her complaint demonstrated a conscious violation of existing law by Simons. Specifically, Marshall argues that her complaint demonstrates that Simons is guilty of assault and battery. Again, we reiterate that Simons performed a pat-down search of Marshall

after requesting that she exit the vehicle when she failed to produce any valid identification. Her conclusion that this search was sexual in nature is nothing more than that, a conclusory allegation; as such, it is insufficient to establish that Simons consciously violated any existing law. Accordingly, Simons is entitled to statutory immunity as set forth in section 19-10-305(a); thus, it was error for the trial court to deny his motion to dismiss the suit against him in his personal capacity.

Because Simons is entitled to both jurisdictional immunity, as well as statutory immunity, the trial court erred in denying his motion to dismiss. We thus reverse the order of the trial court and remand for entry of an order consistent with this opinion.

Reversed and remanded.