The ARKANSAS DEPARTMENT of ENVIRONMENTAL
QUALITY; Marcus Devine, Individually, and in His Official
Capacity; Mary Leath, Individually and in Her Official Capacity;
Steve Martin, Individually and in His Official Capacity;
Ryan Benefield, Individually, and in His Official Capacity;
Harry Elliott, Individually and in His Official Capacity;
Scott McWilliams, Individually and in His Official Capacity;
and Gerald Delavan, Individually and in His Official Capacity  *v.*
Shawki AL-MADHOUN and Northstar Engineering
Consultants, Inc.

07-988                                         285 S.W.3d 654

Supreme Court of Arkansas
Opinion delivered June 19, 2008

*Dustin McDaniel*, Att'y Gen., by: *Charles Moulton*, Sr. Ass't Att'y Gen. and *Kendra Akin Jones*, Ass't Att'y Gen., for appellants.

*Little Law Firm, P.A.*, by: *Courtney N. Little*; and *Corbitt Law Firm*, by: *Chris P. Corbitt*, for appellees.

J IM GUNTER, Justice. This appeal arises from an order of the Pulaski County Circuit Court denying a motion to dismiss filed by the Arkansas Department of Environmental Quality ("ADEQ") and seven ADEQ employees in their official and individual capacities (collectively "Appellants"). We reverse the circuit court's order and dismiss the case.

On March 17, 2006, Appellees Shawki Al-Madhoun ("Al-Madhoun") and Northstar Engineering Consultants, Inc. ("Northstar") filed a complaint against the ADEQ. In the complaint, Appellees alleged that the ADEQ violated Al-Madhoun's equal protection and due process rights, abused the engineering board complaint process to retaliate against Al-Madhoun, and interfered with the contractual relationships of Northstar. On April 6, 2006, the ADEQ moved to dismiss the complaint, asserting that it was immune from suit under article 5, section 20, of the Arkansas Constitution. On June 5, 2006, Appellees filed an amended complaint adding seven employees[1] of the ADEQ, both in their individual and official capacities, as defendants. On June

---

[1] Marcus Devine, Mary Leath, Steve Martin, Ryan Benefield, Harry Elliott, Scott McWilliams, and Gerald Delavan.

26, 2006, the ADEQ and the seven employees filed a motion to dismiss the amended complaint based on Ark. R. Civ. P. 8(a)(1), 12(b)(6), article 5, section 20 of the Arkansas Constitution, and Ark. Code Ann. § 19-10-305(a) (Supp. 2001).

A hearing on the motion to dismiss was held on August 25, 2006. The circuit court denied the motion to dismiss on September 18, 2006. The circuit court ruled that sovereign immunity did not apply to the ADEQ because Appellees were requesting only injunctive relief and not asking for monetary damages against a state agency. The circuit court further ruled that qualified immunity did not apply to the individual defendants because there was an exception to qualified immunity for malicious acts and intentional torts under Ark. Code Ann. § 19-10-305. The circuit court also required Appellees to amend their complaint to plead the alleged malicious acts with more specificity, ruling that the first amended complaint failed to put the individually named defendants on notice regarding those acts.

On October 18, 2006, Appellees filed their second amended complaint, asking for the following: a preliminary and permanent injunction against Appellants; an order from the circuit court instructing the ADEQ to correct the public records related to Al-Madhoun, Northstar, and their clients; and actual and special damages from the seven employees in the amount of $300,000, punitive or exemplary damages in the amount of $900,000, and "costs herein expended and such additional relief as the court deems appropriate." On November 15, 2006, Appellants moved to dismiss the second amended complaint pursuant to Ark. R. Civ. P. 8(a)(1) and 12(b)(6) alleging that constitutional and statutory immunity barred the lawsuit. A hearing on the motion to dismiss was held on February 9, 2007. On February 23, 2007, the circuit court entered an order denying the motion to dismiss with respect to counts one, three, four, five, six, and eight. The circuit court granted the motion to dismiss with respect to counts two and seven and ordered Appellees to amend their complaint for a third time to plead additional facts in support of count three.

On March 1, 2007, Appellees filed their third amended complaint. Appellants filed another motion to dismiss on March 19, 2007, based on Ark. R. Civ. P. 8(a)(1), 12(b)(6), article 5, section 20 of the Arkansas Constitution, and Ark. Code Ann. § 19-10-305(a). On May 16, 2007, the circuit court held a hearing on the motion to dismiss. The circuit court denied the motion to dismiss, and ruled that article 5, section 20 of the Arkansas

Constitution did not apply because Appellees were seeking injunctive relief. Appellants now bring this appeal.

For their first point on appeal, Appellants assert that, as a state agency, the ADEQ is immune from this suit pursuant to article 5, section 20 of the Arkansas Constitution. They admit that Ark. Code Ann. § 25-15-214 (Repl. 2002) is a codified exception to the State's immunity, but contend that the facts pled by Appellees in each of their complaints fail to meet this immunity exception. They further assert that § 25-15-214 does not provide the circuit court with the authority to grant the relief Appellees are seeking from the ADEQ because Appellees are seeking to control or coerce the actions of the ADEQ with this lawsuit. Finally, they argue that § 25-15-214 is not applicable to the ADEQ because it addresses agency rule making and adjudication, asserting that the General Assembly has vested the Arkansas Pollution Control and Ecology Commission ("the Commission") with the authority to engage in final rule making and to conduct adjudicatory hearings of the ADEQ's administrative decisions in Ark. Code Ann. § 8-1-203 (Repl. 2007).

In response, Appellees assert that the ADEQ is not entitled to sovereign immunity because their amended complaint clearly states that the ADEQ and one or more of the named employees unlawfully, unreasonably, or capriciously refused to act. They also assert that sovereign immunity does not apply in this case because the relief requested is injunctive relief and will not increase the obligations of the State. Further, they contend that any claim of sovereign immunity has been waived by Ark. Code Ann. § 25-15-214 and that the circuit court is authorized to command the officers of the ADEQ to act.

While normally an appeal may not be taken from an order denying a motion to dismiss, such an appeal may be taken under Ark. R. App. P.–Civ. 2(a)(2) (2007) based on the movant's assertion that he is immune from suit. *See Simons v. Marshall*, 369 Ark. 447, 255 S.W.3d 838 (2007); *State v. Goss*, 344 Ark. 523, 42 S.W.3d 440 (2001); *Newton v. Etoch*, 332 Ark. 325, 965 S.W.2d 96 (1998). The rationale justifying an interlocutory appeal is that the right to immunity from suit is effectively lost if the case is permitted to go to trial. *Id.*

Our court reviews a trial court's decision on a motion to dismiss by treating the facts alleged in the complaint as true and by viewing them in the light most favorable to the plaintiff. *Clowers v.*

*Lassiter*, 363 Ark. 241, 213 S.W.3d 6 (2005); *King v. Whitfield*, 339 Ark. 176, 5 S.W.3d 21 (1999); *Neal v. Wilson*, 316 Ark. 588, 873 S.W.2d 552 (1994). In viewing the facts in the light most favorable to the plaintiff, the facts should be liberally construed in the plaintiff's favor. *Clowers, supra*; *Rothbaum v. Ark. Local Police & Fire Ret. Sys.*, 346 Ark. 171, 55 S.W.3d 760 (2001); *Martin v. Equitable Life Assurance Soc. of the U.S.*, 344 Ark. 177, 40 S.W.3d 733 (2001). Our rules require fact pleading, and a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief. Ark. R. Civ. P. 8(a)(1); *Grine v. Bd. of Trustees*, 338 Ark. 791, 2 S.W.3d 54 (1999); *Brown v. Tucker*, 330 Ark. 435, 954 S.W.2d 262 (1997).

Article 5, section 20, of the Arkansas Constitution provides that "[t]he State of Arkansas shall never be made defendant in any of her courts." Sovereign immunity is jurisdictional immunity from suit, and jurisdiction must be determined entirely from the pleadings. *See Landsnpulaski, LLC v. Ark. Dep't of Corr.*, 372 Ark. 40, 269 S.W.3d 793 (2007); *Clowers v. Lassiter*, 363 Ark. 241, 213 S.W.3d 6 (2005); *Ark. Tech. Univ. v. Link*, 341 Ark. 495, 17 S.W.3d 809 (2000). In determining whether the doctrine of sovereign immunity applies, the court should determine if a judgment for the plaintiff will operate to control the action of the State or subject it to liability. If so, the suit is one against the State and is barred by the doctrine of sovereign immunity. *See Landsnpulaski, supra*; *Grine, supra*; *Fireman's Ins. Co. v. Ark. State Claims Comm'n*, 301 Ark. 451, 784 S.W.2d 771 (1990); *Page v. McKinley*, 196 Ark. 331, 118 S.W.2d 235 (1938).

Here, in their original complaint, Appellees requested a judgment against the ADEQ for actual and special damages to compensate the plaintiff for injuries in the amount of $300,000, $900,000 in punitive or exemplary damages, costs expended, and "such additional relief as the court deems appropriate." In their subsequent amended complaints, Appellees asked for preliminary and permanent injunctions against the ADEQ and the seven employees of ADEQ as well as actual and special damages from the employees, asserting that sovereign immunity did not apply because of § 25-15-214.

Specifically, Appellees asked for injunctions preventing the ADEQ from further violating Al-Madhoun's equal protection and due process rights and from interfering with contractual relationships. In their second amended complaint, Appellees also asked for an order of the circuit court instructing the ADEQ

to correct the public records related to Al-Madhoun, Northstar, and their clients. These requests for injunctive relief made in Appellees' complaint and the subsequent amended complaints clearly seek to control the actions of the ADEQ. Our well-established case law states that if a judgment will operate to control the action of the State, the suit is one against the State and is barred by the doctrine of sovereign immunity. *See Landsnpulaski, supra.* Therefore, Appellees' suit is barred by the sovereign-immunity doctrine unless, as Appellees contend, sovereign immunity has been waived by Ark. Code Ann. § 25-15-214. *See Simons, supra* (sovereign immunity may be waived where an act of the legislature has created a specific waiver of immunity).

Arkansas Code Annotated § 25-15-214 sets out an exception to the State's immunity arising under Article 5, § 20 of the Arkansas Constitution, stating:

> In any case of rule making or adjudication, if an agency shall unlawfully, unreasonably, or capriciously fail, refuse, or delay to act, any person who considers himself or herself injured in his or her person, business, or property by the failure, refusal, or delay may bring suit in the circuit court of any county in which he or she resides or does business, or in Pulaski County Circuit Court, for an order commanding the agency to act.

*Id.* We have held that Ark. Code Ann. § 25-15-214 authorizes the Pulaski County Circuit Court to command agencies failing or refusing to act to the injury of any person or their property to do so where the agency acts unlawfully, unreasonably, or capriciously. *See Oliver v. Pulaski County Circuit Court,* 340 Ark. 681, 13 S.W.3d 156 (2000).

Appellants assert that § 25-15-214 is not applicable here because it addresses agency rule making and adjudication, that such authority is vested in the Commission under Ark. Code Ann. § 8-1-203, and that this authority is not governed by the Arkansas Administrative Procedure Act. In *Tri-County Solid Waste Dist. v. Arkansas Pollution Control and Ecology Comm'n,* 365 Ark. 368, 230 S.W.3d 545 (2006), we held that appeals from the decisions of the Commission are not governed by the procedures established in the Arkansas Administrative Procedure Act. *See also* Ark. Code Ann. § 25-15-202(2)(C) (Supp. 2007). Rather, specific procedures are provided in §§ 8-4-222 to -229 (Repl. 2007). *Id.* The ADEQ is required to follow the administrative procedures set forth in the Commission's Regulation No. 8. Therefore, because specific

procedures are provided for in Regulation 8, the Arkansas Administrative Procedure Act does not apply to the ADEQ.

With regard to the injunctive relief sought against the seven ADEQ employees in their official capacities, we have held that a suit against a state official in his or her official capacity is not a suit against that person, but rather is a suit against that official's office. *See Simons, supra.* We have further elaborated that official-capacity suits generally represent but another way of pleading an action against the entity of which the officer is an agent. *Id.* Because we hold that Appellees' suit against the ADEQ is barred by sovereign immunity, we also hold that the suit against the ADEQ employees in their official capacities is barred.

Next, we turn to Appellants' assertion that Appellees' claims against the employees in their individual capacities are barred by Ark. Code Ann. § 19-10-305(a), Ark. R. Civ. P. 8(a)(1), and 12(b)(6). Specifically, they argue that: (1) allegations regarding alleged discriminatory treatment of Appellees' clients fail to meet the requirements necessary to strip the ADEQ employees of their statutory immunity and (2) certain e-mails released in response to a FOIA request should be read in the context in which they were written and do not constitute malice on behalf of the individual ADEQ employees.

In response, Appellees assert that the employees are not entitled to qualified immunity in their individual capacities. Specifically, they contend that they have alleged sufficient facts as to each individual employee to support the conclusion that each individual acted with malice, and such conduct falls outside the protection of § 19-10-305. Further, they assert that the e-mails described in their amended complaint are examples of malice or at least constitute an inference of malice on behalf of the individuals.

Arkansas Code Annotated § 19-10-305(a) provides:

> Officers and employees of the State of Arkansas are immune from liability and from suit, except to the extent that they may be covered by liability insurance, for damages or acts or omissions, other than malicious acts or omissions, occurring within the scope of their employment.

*Id.* Despite this grant of statutory immunity, a state officer or employee may still be liable in a personal capacity. *See Simons, supra* (citing *Grine, supra*). In that case, this court has stated that suits against

officers and employees alleged to be malicious are suits against the officers or employees personally, and they are liable to the extent anyone would be liable under tort law. *Simons, supra.* Section 19-10-305(a) provides state employees with statutory immunity from civil liability for non-malicious acts occurring within the course of their employment. *Id.* In defining malice, we have stated:

> It is true that in law malice is not necessarily personal hate. It is rather an intent and disposition to do a wrongful act greatly injurious to another. Malice is also defined as "the intentional doing of a wrongful act without just cause or excuse, with an intent to inflict an injury or under circumstances that the law will imply an evil intent.... A conscious violation of the law ... which operates to the prejudice of another person. A condition of the mind showing a heart ... fatally bent on mischief." *Black's Law Dictionary*, 956-57 (6th ed. 1990).

*Id.* (citing *Fegans v. Norris*, 351 Ark. 200, 207, 89 S.W.3d 919, 924-25 (2002)) (internal citations omitted).

We have held that a bare allegation of willful and wanton conduct will not suffice to prove malice. *Id.* In addressing the issue of whether an allegation has sufficiently stated a claim for personal liability of a state employee, we have stated:

> [I]n considering the complaint on a motion to dismiss, if the acts or omissions complained of are alleged to be malicious and outside the course and scope of employment, then the coffers of the State are not implicated, and the suit is not one against the State. Under these conditions, Article 5, section 20, of the Constitution is not implicated.

*Grine*, 338 Ark. 791, 799-800, 2 S.W.3d 54, 60. In both *Simons* and *Grine* we held that, because the complaints stated only conclusions, with no factual support, the defendants (with the exception of one in *Grine*) were entitled to statutory immunity under § 19-10-305(a).

In the present case, Appellees assert that the following facts in their amended complaint outline the malicious conduct of the employees:

- Gerald Delavan and Harry Elliott sent malicious e-mails about Appellees to several ADEQ solid waste employees including the named defendants.

- Scott McWilliams sent out a Consent Administrative Order ("CAO") that not only misrepresented facts and ignored a previous authorization letter, but also was not justified with appropriate sound scientific and engineering literature as required by Arkansas Pollution Control and Ecology Regulation 8.

- Mary Leath and Marcus Devine made statements to Eaton-Moery Environmental Services, Inc. ("EMS") that they would have no problems if Appellees were not EMS's engineers.

- Marcus Devine kept Mr. Al-Madhoun out of a meeting that he and the City of West Helena ("HWH") specifically requested him to attend.

- Steve Martin made statements in the meeting between the ADEQ and HWH and again to the HWH City Council accusing Mr. Al-Madhoun of theft or conspiracy.

- Steve Martin and Harry Elliot provided incomplete and erroneous information to the Environmental Protection Agency ("EPA") including an accusation that Mr. Al-Madhoun had a financial interest in the RLH landfill.

- Ryan Benefield prepared a Summary Report on or about November 3, 2004, that contained incomplete and erroneous information contrary to known fact.

- Harry Elliott and Anne Weinstein refused to amend an erroneous Summary Report even after being provided the basis for the requested amendment.

- Mary Leath threatened Mr. Al-Madhoun with retaliation if Mr. Al-Madhoun filed his Board Complaint against Ryan Benefield.

- Ryan Benefield refused to amend his erroneous Summary Report and refused to justify his actions in writing as required by Arkansas Pollution Control and Ecology Regulation 8.

- After Mary Leath's threat, Marcus Devine filed a Board Complaint against Mr. Al-Madhoun.

- Ryan Benefield refused to approve modifications until the CAO, based on his erroneous Summary Report, was signed.

- Gerald Delavan stated to the Baxter Bulletin newspaper that RLH, Inc. fines were Appellees' fault.

Appellees' amended complaint lists six causes of action: an equal-protection claim; an abuse of the engineering board claim; a Freedom of Information Act claim; a gross negligence and malice claim; and two claims of interference with contracts. The list of allegations set out above are conclusory and do not support each cause of action Appellees have pled against each individually named ADEQ employee. Even viewing the allegations in the complaint in a light most favorable to Appellees, the pleadings still amount to bare conclusions of malice.

Appellants also contend that certain e-mails released in response to a FOIA request should be read in the context in which they were written and do not constitute malice on behalf of the individual ADEQ employees. Appellees rely on *Bland v. Verser*, 299 Ark. 490, 774 S.W.2d 124 (1989) for their assertion that the e-mails described in their amended complaint are, at the very least, inferences of malice on behalf of the employees. In *Bland*, we stated that, under Arkansas law, statements made with actual malice include not only those made with spite, hatred, or vindictiveness, but also those made with such reckless disregard of the rights of another as to constitute the equivalent of ill will. *Id.*; *see also Dun & Bradstreet, Inc. v. Robinson*, 233 Ark. 168, 345 S.W.2d 34 (1961).

The *Bland* case is distinguishable from the present case in that the appeal involved a defamation action filed by the appellant. Here, none of Appellees' complaints plead defamation, libel, or slander. Further, in *Bland*, we held that the circumstances surrounding the remarks at issue presented a jury question as to whether they inferred malice and reversed an order of summary judgment. Here, we have an appeal of a denial of a motion to dismiss based on statutory immunity. With regard to the e-mails, as stated above, Appellees' pleadings amount to bare conclusions of malice. Based on the foregoing reasons, we hold that the employees are entitled to statutory immunity as set forth in § 19-10-305(a). Accordingly, we reverse the order of the circuit court and dismiss the case.

Reversed and dismissed.