Cite as 2014 Ark. 432

# SUPREME COURT OF ARKANSAS

No. CV-14-137

| | |
|---|---|
| ARKANSAS STATE CLAIMS COMMISSION; ARKANSAS GENERAL ASSEMBLY, CLAIMS REVIEW SUBCOMMITTEE; ARKANSAS GENERAL ASSEMBLY, JOINT BUDGET COMMITTEE; ARKANSAS STATE HIGHWAY COMMISSION; AND ARKANSAS STATE HIGHWAY AND TRANSPORTATION DEPARTMENT<br><br>APPELLANTS<br><br>V.<br><br><br>DUIT CONSTRUCTION COMPANY, INC.<br><br>APPELLEE | **Opinion Delivered** October 23, 2014<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT<br>[NO. 60-CV-13-1706]<br><br>HONORABLE TIMOTHY DAVIS FOX, JUDGE<br><br><br><br><u>REVERSED AND REMANDED; APPELLANTS' MOTION TO DISMISS CROSS-APPEAL GRANTED; CROSS-APPEAL DISMISSED</u>. |

**PAUL E. DANIELSON, Associate Justice**

Appellants, the Arkansas State Claims Commission ("ASCC"), the General Assembly's Claims Review Subcommittee, the General Assembly's Joint Budget Committee, the Arkansas State Highway Commission, and the Arkansas State Highway and Transportation Department ("ASHTD"), bring this interlocutory appeal from the circuit court's order denying in part their motions to dismiss the complaint for declaratory judgment and the first amended complaint for declaratory judgment of appellee Duit Construction Company, Inc. Their sole point on appeal is that the circuit court erred in its denial because they were entitled to sovereign immunity. Duit cross-appeals from the circuit court's order granting in

part the Appellants' motions to dismiss, asserting that the circuit court erred in doing so, and the Appellants have moved to dismiss Duit's cross-appeal. We reverse and remand on direct appeal and dismiss the cross-appeal.

In 2002, Duit entered into a contract with the Arkansas State Highway Commission to complete an improvement project on Interstate 30 in Saline and Pulaski Counties. Duit subsequently encountered what it claims were "differing site conditions," and, in 2006, it transmitted a "Request for Equitable Adjustment for Cost Overruns" to the ASHTD, which denied Duit's request. Duit then filed a complaint with the ASCC on May 5, 2011, and the ASCC denied and dismissed Duit's claim "for failure to prove by a preponderance of the evidence any liability on the part of the [ASHTD]."

On January 9, 2012, the General Assembly's Claims Review Subcommittee remanded Duit's claim to the ASCC for further evidence or findings. The ASCC held a partial rehearing on remand, and it once again denied and dismissed Duit's claim. Duit claims that it appealed the ASCC's second denial and dismissal to the General Assembly and that "[b]y voice vote on March 20, 2013, a Subcommittee of the Joint Budget Committee 'affirmed' the ASCC's . . . decision. The Joint Budget Committee subsequently adopted the Subcommittee's decision without a hearing or notice to Duit."

Duit filed a "petition" and what it deemed a "notice of appeal" from the March 20, 2013 vote in the Pulaski County Circuit Court; it later amended that notice of appeal and additionally petitioned the circuit court for a writ of certiorari, as well as a declaratory judgment. In doing so, Duit challenged the constitutionality of the method by which the

SLIP OPINION

State resolves claims against it, asserting that the procedures violated the Due Process Clause by "failing to provide a fair and impartial post-deprivation procedure for the resolution of breach of contract claims against the State, and by discriminating against non-residents."

The Arkansas State Highway Commission and the ASHTD moved to dismiss Duit's amended notice of appeal, petition for writ of certiorari, and complaint for declaratory judgment. In their motion, they claimed that Duit's suit was one against the State and that they were afforded sovereign immunity from Duit's suit pursuant to article 5, section 20, of the Arkansas Constitution. They further contended that Duit's suit should be dismissed for failure to state facts or a claim upon which relief could be granted under Arkansas Rule of Civil Procedure 12(b)(6).

Likewise, the ASCC, the Claims Review Subcommittee, and the Joint Budget Committee also moved to dismiss Duit's amended notice of appeal, petition for writ of certiorari, and complaint for declaratory judgment. They similarly asserted that sovereign immunity barred Duit's suit, and they further averred that both this court and the federal courts had rejected the notion that the resolution of claims against the State by the ASCC and the General Assembly violated due process. Duit responded to the motions to dismiss, and the circuit court held a hearing on the motions. After the hearing, Duit filed a first amended complaint for declaratory judgment, in which it sought a declaration that the current method of resolving contract disputes was unconstitutional and directing the State to provide Duit with a fair, impartial, and meaningful forum in which to present its claim.

On October 21, 2013, the circuit court entered its order, in which it noted that Duit

had withdrawn its "notice of appeal," and it dismissed Duit's petition for writ of certiorari.

With regard to Duit's claim for declaratory relief, the circuit court found, in relevant part:

7. The framework for deciding contract claims against the State of Arkansas is not violative of the Due Process Clause of the Fourteenth Amendment of the United States Constitution. The Court finds that the General Assembly and the Joint Budget Committee of the General Assembly are a sufficient and constitutional remedy for Due Process Clause purposes. Thus, the Court finds the Amended Notice and Complaint and the First Amended Complaint allegations that the current framework for deciding claims against the State of Arkansas is facially unconstitutional are barred by Art. 5, § 20, Constitution of Arkansas.

8. The Amended Notice and Complaint and the First Amended Complaint, on the other hand, present sufficient factual allegations to constitute a cause of action that the Respondents have not been impartial with respect to the claims of non-residents.

IT IS THEREFORE ORDERED that the District Court Rule 9(f) Appeal is hereby dismissed, that the Petition for Writ of Certiorari is hereby dismissed, and that the Motions to Dismiss the Complaint for Declaratory Judgment and First Amended Complaint for Declaratory Judgment are granted on the grounds that the statutory framework for deciding claims against Arkansas is constitutional and, therefore, the Petitioner's claims of facial invalidity of the framework is dismissed on the grounds of sovereign immunity, and that the statutory framework is constitutional. The Motion to Dismiss the Complaint for Declaratory Judgment and First Amended Complaint for Declaratory Judgment, including the motion to dismiss on grounds of sovereign immunity, are denied only as to Petitioner's due-process and equal-protection claims that in-state and out-of-state contractors were treated differently. All other claims and or requests of Petitioner are hereby dismissed with prejudice.

It is from this order that the Appellants and Duit both appeal.

I. *Direct Appeal*

The Appellants contend that the circuit court erroneously denied their motions to dismiss, contending that they are entitled to sovereign immunity because Duit's claim attempts to control the actions of the State and subject it to monetary liability. They further assert that no exception to the sovereign-immunity doctrine applies because Duit's complaint does not

meet the threshold showing required to apply the "unconstitutional act" exception. They urge that Duit's complaint is devoid of any factual support for its assertion that the ASCC and the General Assembly have treated out-of-state contractors differently from in-state contractors. They further maintain that the unconstitutional–act exception has no application to claims seeking monetary relief against the State, but is limited in its application to claims seeking injunctive relief.

Duit responds that a suit to enforce rights guaranteed by the United States Constitution overcomes the bar of sovereign immunity, as does a suit for declaratory and injunctive relief involving illegal or unconstitutional acts by the State. It contends that its complaint for relief sufficiently averred facts in support of its claim that the State deprived it of its property without due process of law and equal protection by failing to provide an impartial decision maker. Duit claims that declaratory relief is the appropriate remedy in its quest to obtain an unbiased forum for its claims against the State.

Ordinarily, an appeal may not be taken from an order denying a motion to dismiss. *See University of Arkansas for Med. Scis. v. Adams*, 354 Ark. 21, 117 S.W.3d 588 (2003). However, Arkansas Rule of Appellate Procedure–Civil 2(a)(10) (2013) provides for an interlocutory appeal of an order denying a motion to dismiss based on the defense of sovereign immunity. *See id.* The rationale justifying an interlocutory appeal is that the right to immunity from suit is effectively lost if the case is permitted to go to trial. *See id.*

In reviewing a circuit court's decision on a motion to dismiss, we treat the facts alleged in the complaint as true and view them in the light most favorable to the party who filed the

complaint. *See, e.g.*, *Arkansas Dep't of Envtl. Quality v. Oil Producers of Arkansas*, 2009 Ark. 297, 318 S.W.3d 570. In testing the sufficiency of the complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and the pleadings are to be liberally construed. *See id.* However, our rules require fact pleading, and a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief. *See id.* Our standard of review for the denial of a motion to dismiss is whether the circuit court abused its discretion. *See Walker v. Arkansas State Bd. of Educ.*, 2010 Ark. 277, 365 S.W.3d 899.

The parties do not appear to dispute that Duit's action is one against the State, which is ordinarily barred by the doctrine of sovereign immunity.[1] Sovereign immunity is jurisdictional immunity from suit. *See Milberg, Weiss, Bershad, Hynes & Lerach, LLP v. State*, 342 Ark. 303, 28 S.W.3d 842 (2000). This defense arises from article 5, section 20, of the Arkansas Constitution, which provides: "The State of Arkansas shall never be made defendant in any of her courts." *Id.* at 320, 28 S.W.3d at 854 (quoting Ark. Const. art. 5, § 20). This court has extended the doctrine of sovereign immunity to include state agencies. *See Arkansas Dep't of Cmty. Corr. v. City of Pine Bluff*, 2013 Ark. 36, 425 S.W.3d 731. Where the pleadings show that the action is, in effect, one against the State, the circuit court acquires no jurisdiction. *See id.* In determining whether the doctrine of sovereign immunity applies, the

---

[1]To the extent that Duit might contest this, it is clear that a judgment in Duit's favor would operate to control the actions of the State. Duit's first amended complaint specifically requests that the circuit court "require the State of Arkansas to provide Duit a meaningful and fair forum in which to present its claims for breach of contract." Accordingly, Duit's suit is barred by the doctrine of sovereign immunity unless an exception applies. *See, e.g.*, *Arkansas Dep't of Cmty. Corr. v. City of Pine Bluff*, 2013 Ark. 36, 425 S.W.3d 731.

SLIP OPINION

court must decide if a judgment for the plaintiff will operate to control the action of the State or subject it to liability. *See Arkansas Dep't of Envtl. Quality v. Al-Madhoun*, 374 Ark. 28, 285 S.W.3d 654 (2008). If so, the suit is one against the State and is barred by the doctrine of sovereign immunity, unless an exception to sovereign immunity applies. *See id.*

This court has recognized three ways in which a claim of sovereign immunity may be surmounted: (1) where the State is the moving party seeking specific relief; (2) where an act of the legislature has created a specific waiver of sovereign immunity; and (3) where the state agency is acting illegally, unconstitutionally, or if a state-agency officer refuses to do a purely ministerial action required by statute. *See Board of Trustees of the Univ. of Arkansas v. Burcham*, 2014 Ark. 61; *Arkansas Dep't of Cmty. Corr.*, 2013 Ark. 36, 425 S.W.3d 731; *Arkansas Tech Univ. v. Link*, 341 Ark. 495, 17 S.W.3d 809 (2000). At issue in the instant case is whether the last exception applies. The Appellants assert that the unconstitutional-act exception does not apply for two reasons: (1) Duit failed to plead sufficient facts to demonstrate an unconstitutional act; and (2) the exception does not apply to suits for monetary relief, which the Appellants claim is the ultimate relief sought by Duit. We need only address the former.

This court has recognized that a complaint alleging illegal and unconstitutional acts by the State as an exception to the sovereign-immunity doctrine is not exempt from complying with our rules that require fact pleading. *See Link*, 341 Ark. 495, 17 S.W.3d 809. In its suit, Duit alleged that the claims-commission process favors resident contractors over nonresident contractors, resulting in a violation of equal protection under the Fourteenth Amendment to the United States Constitution. "In deciding whether an equal protection challenge is

warranted, there must first be a determination that there is a state action which differentiates among individuals." *Pledger v. Featherlite Precast Corp.*, 308 Ark. 124, 135, 823 S.W.2d 852, 859 (1992) (quoting *Bosworth v. Pledger*, 305 Ark. 598, 604, 810 S.W.2d 918, 920 (1991)).

A careful review of Duit's first amended complaint for declaratory judgment, however, reveals that Duit failed to plead facts that, if proven, would demonstrate a differentiation in the treatment of in-state and out-of-state contractors. Although Duit provides a table demonstrating the alleged past awards and denials by the ASCC to nonresident contractors, its complaint lacks any facts in support of its statement that "[d]uring that same period the ASCC recommended awards of damages to Arkansas resident contractors for breach of contract against the AHTD in amounts greater than awards to non-resident contractors." The mere statement that it is so, without factual support, simply fails to comport with our fact-pleading requirements. *See, e.g.*, *Arkansas Dep't of Envtl. Quality v. Brighton Corp.*, 352 Ark. 396, 102 S.W.3d 458 (2003).

For purposes of a motion to dismiss, we treat only the facts alleged in a complaint as true, but not a party's theories, speculation, or statutory interpretation. *See Fitzgiven v. Dorey*, 2013 Ark. 346, 429 S.W.3d 234. Taking only the facts alleged in Duit's first amended complaint for declaratory judgment as true and viewing them in the light most favorable to Duit, we cannot say that the complaint states sufficient facts to support Duit's allegation that the claims-commission process treated resident and nonresident contractors differently in violation of the Fourteenth Amendment. Accordingly, the exception to the sovereign-immunity doctrine for unconstitutional acts is not applicable, and Duit's equal-

protection claim is barred by sovereign immunity. We therefore reverse the circuit court's denial of the Appellants' motions to dismiss Duit's equal-protection claim and remand for entry of an order consistent with this opinion.

## II. *Cross-Appeal; Motion to Dismiss Cross-Appeal*

Duit cross-appeals from the circuit court's order that granted in part the Appellants' motions to dismiss based on sovereign immunity, dismissing its due-process claim. Before we can reach the merits of the cross-appeal, however, we must first address a motion by the Appellants to dismiss Duit's cross-appeal. In their motion, the Appellants contend that this court should dismiss the cross-appeal because Duit seeks to appeal from what is a nonfinal order. The Appellants aver that because the circuit court only dismissed Duit's facial challenge, but allowed it to proceed on its unequal-treatment claim, the circuit court's order adjudicated fewer than all of Duit's claims and, therefore, the order was not final. They further point out that the appeal is not proper under Ark. R. App. P.–Civ. 2(a)(10), as theirs is, because that rule limits such an interlocutory appeal to the *denial* of a motion to dismiss or for summary judgment on the basis of immunity and does not permit an appeal from the *grant* of those motions.

We agree. In the instant case, the circuit court's order may have dismissed Duit's due-process claim, but it also kept alive Duit's equal-protection claim, by virtue of its denial in part of the Appellants' motion to dismiss.[2] Accordingly, the order was in no way final at the time

---

[2]In its response to the Appellants' motion to dismiss the cross-appeal, Duit contends that there are no unresolved claims at the circuit-court level and that its cross-appeal from the dismissal of its claim should be heard in conjunction with the Appellants' direct-appeal. Duit

it was entered by the circuit court. The requirement of a final judgment is the cornerstone of appellate jurisdiction, and this court reviews only final orders. *See Robinson v. Villines*, 2012 Ark. 211. For an order to be final and appealable, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *See id.* Stated another way, for an order to be final and appealable, the order must put the circuit court's directive into execution, ending the litigation, or a separable branch of it. *See id.* According to the circuit court's order, Duit's claim that nonresident contractors were treated differently remained viable; it had not been dismissed, and an order that contemplates further action by a party or the court is not a final, appealable order. *See id.*

Because the circuit court's order did not dispose of both of Duit's claims, there is no final judgment as required by Ark. R. Civ. P. 54(b). Under Rule 54(b), an order that fails to adjudicate all of the claims as to all of the parties, whether presented as claims, counterclaims, cross-claims, or third-party claims, is not final for purposes of appeal. *See Ford Motor Co. v. Washington*, 2012 Ark. 325. Although Rule 54(b) provides a method by which the circuit court may direct entry of a final judgment as to fewer than all of the claims, where there is no attempt to comply with Rule 54(b), the order is not final, and we must dismiss the appeal. *See id.* Our review of the instant record reveals no certification pursuant to Ark. R.

---

takes the position that its complaint consisted of only one claim—one for due process—and that the circuit court's order disposed of that single claim.

We do not agree. Although Duit argues that the complaint consisted of only one claim against the Appellants, the circuit court's order clearly treated Duit's allegations as two separate claims—one for due process and one alleging a difference in the treatment of resident and nonresident contractors, a claim readily identifiable to this court as one alleging an equal-protection violation.

Civ. P. 54(b).

Nor is Duit's cross-appeal a proper interlocutory appeal under Ark. R. App. P.–Civ. 2(a)(10). That rule permits an interlocutory appeal from "[a]n order denying a motion to dismiss or for summary judgment based on the defense of sovereign immunity," but Duit seeks to appeal the circuit court's *grant* in part of the Appellants' motion to dismiss on sovereign immunity. Since Rule 2(a)(10) does not allow an interlocutory appeal of an order granting a motion to dismiss based on the defense of sovereign immunity, Duit's cross-appeal is improper under that Rule as well. For all of these reasons, we lack jurisdiction over Duit's cross-appeal and must dismiss it. Accordingly, we grant the Appellants' motion to dismiss the cross-appeal.

Reversed and remanded for entry of an order consistent with this opinion; appellants' motion to dismiss cross-appeal granted; cross-appeal dismissed.

Special Justice J. CARTER FAIRLEY joins.

HOOFMAN, J., not participating.

*Dustin McDaniel*, Att'y Gen., by: *Mindy D. Pipkin*, Ass't Att'y Gen., and *Michelle Davenport*, for appellants.

*Jack East III*, for appellee.