SLIP OPINION

Cite as 2015 Ark. 462

# SUPREME COURT OF ARKANSAS

No. CV–15–278

| | |
|---|---|
| DUIT CONSTRUCTION COMPANY, INC. | **Opinion Delivered** December 10, 2015 |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV-13-1706] |
| V. | |
| | HONORABLE TIMOTHY DAVIS FOX, JUDGE |
| ARKANSAS STATE CLAIMS COMMISSION; ARKANSAS GENERAL ASSEMBLY, CLAIMS REVIEW SUBCOMMITTEE; ARKANSAS GENERAL ASSEMBLY, JOINT BUDGET COMMITTEE; ARKANSAS STATE HIGHWAY COMMISSION; AND ARKANSAS STATE HIGHWAY AND TRANSPORTATION DEPARTMENT | |
| | AFFIRMED. |
| APPELLEES | |

**PAUL E. DANIELSON, Associate Justice**

Appellant Duit Construction Co., Inc., appeals from the order of the Pulaski County Circuit Court that dismissed its claims against Appellees, the Arkansas State Claims Commission (the "ASCC"); the Arkansas General Assembly's Claims Review Subcommittee; the Arkansas General Assembly's Joint Budget Committee; the Arkansas State Highway Commission (the "ASHC"); and the Arkansas State Highway and Transportation Department (the "ASHTD"), following this court's reversal and remand in *Arkansas State Claims Commission v. Duit Construction Co., Inc.*, 2014 Ark. 432, 445 S.W.3d 496 (*Duit I*). In this

SLIP OPINION

appeal, Duit asserts that the circuit court erred in dismissing its due-process claim as barred by sovereign immunity. We affirm the circuit court's order.

A complete recitation of the underlying facts can be found in *Duit I*, 2014 Ark. 432, 445 S.W.3d 496. In brief, Duit's suit against the Appellees stemmed from the ASCC's denial of a claim by Duit relating to a contract it had entered into with the ASHC to complete an improvement project on Interstate 30 in Saline and Pulaski Counties. In its suit, Duit challenged the constitutionality of the method by which the State resolves claims against it, asserting that the procedures violated the Due Process Clause by "failing to provide a fair and impartial post-deprivation procedure for the resolution of breach of contract claims against the State, and by discriminating against non-residents." *Id*. at 3, 445 S.W.3d at 500.

Following motions to dismiss by the Appellees, the circuit court entered an order in which it found that the framework for resolving claims against the State did not violate the Due Process Clause and that Duit's allegations were otherwise barred by sovereign immunity. The circuit court, however, denied the Appellees' motions to dismiss Duit's claim that out-of–state contractors bringing claims against the State had been treated differently from in-state contractors. The Appellees appealed from the circuit court's order pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(10), allowing an interlocutory appeal from an order denying a motion to dismiss based on the defense of sovereign immunity, and Duit filed a cross-appeal.

In *Duit I*, we held that Duit's complaint failed to plead facts that, if proven, would demonstrate a difference in the treatment between in-state and out-of-state contractors;

2

SLIP OPINION

therefore, Duit had failed to establish the exception to the sovereign-immunity doctrine for unconstitutional acts. *See Duit I*, 2014 Ark. 432, 445 S.W.3d 496. Accordingly, we reversed the circuit court's denial of the motions to dismiss Duit's equal-protection claim and remanded for entry of an order consistent with our opinion. *See id.* We further dismissed Duit's cross-appeal challenging the dismissal of its due-process claim for lack of jurisdiction over the cross-appeal. *See id.*

On remand to the circuit court, Duit filed a second amended complaint, which amended only one paragraph. However, just nine days later, the circuit court entered its order of dismissal:

On October 21, 2013, this Court entered an order granting defendants' motions to dismiss plaintiff's due process claims, but denying defendants' motions to dismiss plaintiff's equal protection claim based on sovereign immunity. Defendants appealed to the Arkansas Supreme Court. The Arkansas Supreme Court has issued its mandate and its opinion in Case No. CV-14-137. The mandate and the opinion have been filed with the Clerk of this Court. It is hereby ORDERED as follows:

(1) Consistent with this Court's order of October 21, 2013, Duit Construction Company, Inc.'s due process claim is dismissed.

(2) Consistent with the Arkansas Supreme Court's mandate and opinion in Case No. CV-14-137, Duit Construction Company, Inc.'s equal protection claim is barred by sovereign immunity. Duit Construction Company, Inc.'s equal protection claim is, therefore, dismissed with prejudice.

(3) Consistent with this Court's order of October 21, 2013, all other claims of Duit Construction Company, Inc. are hereby dismissed with prejudice.

IT IS SO ORDERED this 18th day of December, 2014.

Duit now appeals.

For its sole point on appeal, Duit contends that the circuit court erred in dismissing its due-process claim as barred by sovereign immunity. It claims that it has a right to an impartial decision maker and that the process used by Arkansas for resolving claims against the State is fundamentally unfair because the General Assembly's budgetary and expenditure duties are too inconsistent with the General Assembly's due-process responsibilities in deciding contract claims against the ASHTD. Duit avers that the current method of resolving claims against the State violates the Due Process Clause—a violation it asserts as the basis for an exemption to the sovereign-immunity doctrine. Accordingly, it claims, the circuit court's order dismissing its due-process challenge should be reversed.

The Appellees counter that the circuit court correctly dismissed Duit's due-process claim because it was barred by sovereign immunity. They assert that Duit sought relief that, if granted, would control the actions of the State by requiring the legislature to rework its vehicle for deciding claims and would subject the State to monetary liability. The Appellees further contend that Duit's complaint did not meet the threshold showing of a valid constitutional claim that would except his claim from sovereign immunity, because the fifty-year precedent of this court has established that the ASCC statutes provide parties with due process.

This court reviews a circuit court's decision on a motion to dismiss by treating the facts alleged in the complaint as true and viewing them in the light most favorable to the plaintiff. *See Fuqua v. Flowers*, 341 Ark. 901, 20 S.W.3d 388 (2000). However, our rules require fact

pleading, and a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief. *See Fitzgiven v. Dorey*, 2013 Ark. 346, 429 S.W.3d 234.

In the instant case, the circuit court found that Duit's due-process claim against the Appellees was barred by sovereign immunity. Sovereign immunity is jurisdictional immunity from suit. *See Short v. Westark Cmty. College*, 347 Ark. 497, 65 S.W.3d 440 (2002). This defense arises from article 5, section 20, of the Arkansas Constitution: "The State of Arkansas shall never be made a defendant in any of her courts." This court has consistently interpreted this constitutional provision as a general prohibition against awards of money damages in lawsuits against the state and its institutions. *See Short*, 347 Ark. 497, 65 S.W.3d 440.

When the pleadings show that the action is, in effect, one against the State, the circuit court acquires no jurisdiction. *See Arkansas Dep't of Cmty. Corr. v. City of Pine Bluff*, 2013 Ark. 36, 425 S.W.3d 731. In determining whether the doctrine of sovereign immunity applies, the court must decide if a judgment for the plaintiff will operate to control the action of the State or subject it to liability. *See id*. If so, the suit is one against the State and is barred by the doctrine of sovereign immunity, unless an exception to sovereign immunity applies. *See id*. We have recognized three ways in which a claim of sovereign immunity may be surmounted: (1) where the State is the moving party seeking specific relief; (2) where an act of the legislature has created a specific waiver of sovereign immunity; and (3) where the state

agency is acting illegally, unconstitutionally, or if a state-agency officer refuses to do a purely ministerial action required by statute.[1]  *See Duit I*, 2014 Ark. 432, 445 S.W.3d 496.

Duit's due-process claim was premised on its assertion that the current procedure for allowing the ASCC and the legislative branch to decide contract claims against the State was neither fair nor impartial and violated its constitutional right to due process.  The circuit court, however, rejected Duit's claim, finding that the framework for deciding claims against the State was a sufficient and constitutional remedy for purposes of the Due Process Clause.

The ASCC exists to provide relief in the event of a claim against the State and its agencies.  *See Fuqua*, 341 Ark. 901, 20 S.W.3d 388.  It was created to provide a method by which claims against the State were to be addressed, while at the same time preserving the State's sovereign immunity.  *See, e.g.*, *Arkansas Pub. Defender Comm'n v. Greene Cnty. Cir. Ct.*, 343 Ark. 49, 32 S.W.3d 470  (2000).  The ASCC is an arm of the legislature; its jurisdiction is exclusive, and its decisions may be appealed only to the General Assembly.  *See* Ark Code Ann. § 19-10-204 (Supp. 2009); Ark. Code Ann. § 19-10-211(a) (Repl. 2007); *Fireman's Ins. Co. v. Arkansas State Claims Comm'n*, 301 Ark. 451, 784 S.W.2d 771 (1990).  It is well settled that the ASCC's "procedure for hearing claims as established by the General Assembly meets due process requirements," specifically, the opportunity to be heard at a meaningful time and in a meaningful manner.  *Fireman's Ins. Co.*, 301 Ark. at 454, 784 S.W.2d at 773; *Austin v. Arkansas State Highway Comm'n*, 320 Ark. 292, 895 S.W.2d 941 (1995).

---

[1]As was the case in *Duit I*, the parties do not appear to dispute that Duit's due-process claim is one against the State that is ordinarily barred by sovereign immunity.

In the instant case, it is the General Assembly's role in the Commission process with which Duit most particularly takes issue. In its complaint, Duit asserted that the General Assembly "is composed of individuals who decide contract claims based upon budgetary considerations and political issues rather than providing claimants a fair, impartial, meaningful hearing and decision for the redress of wrongs and the application of legal principles to contractual disputes."[2] As evidence that the review process following a decision by the ASCC is neither fair nor meaningful, Duit cited to past awards, which it claimed demonstrate a distinction between nonresident and resident contractors. In addition, Duit cited to the fact that members of the General Assembly's claim subcommittees need not be lawyers or have legal training. It further alleged that in reviewing ASCC decisions, the claim subcommittees "consider, and resolve claims . . . based upon irrelevant and unjust factors," including the financial impact an award would have on the State and the budgets of the ASHTD and the ASHC; the residence of the contractor making the claim; the impact a vote in favor of the claimant would have upon highway construction projects in the legislators' districts; and the "overpowering lobbying ability of the ASHC and [the ASHTD]." As a final example, Duit averred that

> the then Speaker of the House of Representatives (Moore), a voting ex officio member of the Claims Subcommittee of the Joint Budget Committee, attended a January 20, 2012 Subcommittee meeting at which Duit's claim was discussed and acted upon. Moore argued against Duit's claim in conversations with other legislators prior

---

[2]Because the circuit court's order in no way suggests that it considered Duit's second amended complaint filed after this court's remand, we look solely to Duit's first amended complaint.

SLIP OPINION

to that meeting after discussing the claims with Scott Bennett, [the ASHTD]'s Director, ex parte. Moore was subsequently appointed to the ASHC. In such capacity, he attended the March 20, 2013 Subcommittee meeting and actively lobbied members of the Claims Subcommittee to vote against Duit's claim. Duit's claim was denied at that meeting.

It would seem that Duit believes the General Assembly is simply too enmeshed politically to decide appeals from the ASCC's decisions. But, article 16, section 2, of the Arkansas Constitution provides that the "General Assembly shall, from time to time, provide for the payment of all just and legal debts of the State." Ark. Const. art. 16, § 2. Our constitution therefore makes clear that it is the duty of the General Assembly and its review subcommittees to make the very determinations challenged by Duit.

Of most relevance, however, is the recognized "presumption of honesty, integrity, good faith, and impartiality in those serving as adjudicators, which presumption is only rebutted by a showing of some substantial countervailing reason to conclude that a decision maker is actually biased with respect to the factual issues being adjudicated." 2 Am. Jur. 2d *Administrative Law* § 40 (2015). Indeed, as this court has stated:

> An adjudicator is presumed to be unbiased, and in order to overcome that presumption, a litigant must show a conflict of interest or some other specific reason for disqualification. *See Withrow v. Larkin*, 421 U.S. 35 (1975). In order to establish bias, the party making the allegation must show that the decision maker "has a direct, personal, substantial, pecuniary interest in reaching a conclusion" against one of the parties to the dispute. *Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813, 822 (1986) (quoting *Tumey v. Ohio*, 273 U.S. 510 (1927)).

*Ford Motor Co. v. Arkansas Motor Vehicle Comm'n*, 357 Ark. 125, 145, 161 S.W.3d 788, 801 (2004). With respect to the ASCC, Arkansas Code Annotated § 19-10-201(c)(1) states that "[a] commissioner shall not hear or participate in the consideration of any claim in which he

or she is interested personally, either directly or indirectly." Ark. Code Ann. § 19-10-201 (Repl. 2007). Moreover, this court has always presumed that public officials, such as the members of the General Assembly, will act lawfully and sincerely in good faith in carrying out their duties and that they will not engage in subterfuge to accomplish their goals. *See Pfeifer v. City of Little Rock*, 346 Ark. 449, 57 S.W.3d 714 (2001). We must therefore presume that the ASCC's commissioners and the General Assembly acted lawfully and sincerely in good faith when making their respective decisions on Duit's claim against the State.

In addition, general allegations of bias and prejudice have been held insufficient to establish a constitutional violation; rather, it is interests that are direct, personal, substantial, and pecuniary that are more problematic. *See, e.g.*, *Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813 (1986). In that same vein, mere familiarity with the facts of a case gained by an agency in the performance of its statutory role does not disqualify a decision maker, "[n]or is a decisionmaker disqualified simply because he has taken a position, even in public, on a policy issue related to the dispute, in the absence of a showing that he is not 'capable of judging a particular controversy fairly on the basis of its own circumstances.'" *Hortonville Joint Sch. Dist. No. 1. v. Hortonville Educ. Ass'n*, 426 U.S. 482, 493 (1976) (quoting *United States v. Morgan*, 313 U.S. 409, 421 (1941)). Duit has made no such showing.

Having considered the allegations made by Duit, it is clear to this court that Duit simply failed to establish a conflict of interest on the part of either the ASCC or the General Assembly sufficient to overcome the presumption of impartiality to which both are clearly entitled. In failing to do so, Duit has not demonstrated an unconstitutional act on the part

9

SLIP OPINION

of the Appellees that would except its due-process claim from the doctrine of sovereign immunity. For this reason, we affirm the circuit court's dismissal of Duit's due-process claim as barred by sovereign immunity.

Affirmed.

BAKER, J., concurs.

HART, J., dissents.

**KAREN R. BAKER, Justice, concurring.** I agree that the circuit court did not err in dismissing Duit's declaratory judgment action in this case. Duit sought a declaratory judgment that the state's method of deciding contract claims against the state of Arkansas violated the fourteenth amendment to the United States Constitution because the body deciding the claims is not impartial and unbiased. Specifically, Duit made a facial attack to the statutory scheme, arguing that the process before the ASCC and General Assembly denied Duit due process. In addition, Duit claimed that, as applied, the statutory scheme violated the equal protection clause of the fourteenth amendment because out-of-state contractors were treated differently than in-state contractors. *See Duit I.* However, Duit's due process claim contains only general allegations of bias and prejudice by ASCC and the General Assembly due to conflicts of interest resulting from budget considerations. General claims of bias are not sufficient to establish a constitutional violation. *See Martin v. Equitable Life Assur. Soc. of the United States*, 344 Ark. 177, 180, 40 S.W.3d 733, 736 (2001) ("Our rules require fact pleading . . . not mere conclusions."); *Ray & Sons Masonry Contractors, Inc. v. U.S. Fid. & Guar. Co.*, 353 Ark. 201, 212-13, 114 S.W.3d 189, 196 (2003) ("[O]ur rules require fact

pleading, and a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief. . . . Ark. R. Civ. P. 8(a). We look to the underlying facts supporting an alleged cause of action to determine whether the matter has been sufficiently pled. *Country Corner Food & Drug, Inc. v. First State Bank & Trust Co.*, 332 Ark. 645, 966 S.W.2d 894 (1998).); *see also* David Newbern, John Watkins, & D.P. Marshall, *Civil Practice & Procedure* §§11:5–7 (5th ed. 2010). Further, Duit specifically abandoned its equal protection claim on appeal. Thus, I would affirm the circuit court's order dismissing Duit's declaratory judgment action.

Accordingly, I concur.

**JOSEPHINE LINKER HART, Justice, dissenting.** Having reviewed this court's prior decision in this case, *Arkansas State Claims Commission v. Duit Construction Co., Inc.*, 2014 Ark. 432, 445 S.W.3d 496 (*Duit I*), as well as the circuit court's order on remand, I have concluded that this appeal must be dismissed because this court does not have appellate jurisdiction. This court has a duty to determine whether it has jurisdiction even if it the question must be raised on our own motion. *Tucker v. Lake View Sch. Dist. No. 25 of Phillips Cnty.*, 323 Ark. 693, 917 S.W.2d 530 (1996).

It is apparent that the majority has failed to fully appreciate the law-of-the-case implications of this court's decision in *Duit I.* The law-of-the-case doctrine was described by this court in *Green v. George's Farm, Inc.*, 2011 Ark. 70, 378 S.W.3d 715:

> The doctrine of law of the case prohibits a court from reconsidering issues of law and fact that have already been decided on appeal. The doctrine provides that a decision of an appellate court establishes the law of the case for the trial upon remand and for

SLIP OPINION

the appellate court itself upon subsequent review. The law-of-the-case doctrine also prevents consideration of an argument that could have been raised at the first appeal and is not made until a subsequent appeal. The doctrine serves to effectuate efficiency and finality in the judicial process, and its purpose is to maintain consistency and avoid reconsideration of matters once decided during the course of a single, continuing lawsuit.

2011 Ark. 703 at 7–8, 378 S.W.3d at 720 (Internal citations omitted.) In *Duit I*, Duit challenged the way the State of Arkansas dealt with claims by out-of-state contractors by asserting the claims-commission procedure unconstitutional. It pursued three theories to strike down the claims-commission procedure: (1) it was a facially invalid violation of its due-process rights; (2) as applied, it violated its Equal-Protection rights; and (3) as applied, it violated its due-process rights.

The State moved to dismiss Duit's claims, asserting that they were barred by sovereign immunity. The circuit court dismissed Duit's facial due-process challenge on sovereign immunity grounds, but found that Duit's two as-applied challenges (due process and equal protection) were not barred by sovereign immunity. The circuit court's findings were quoted in *Duit I* as follows:

> The Motions to Dismiss the Complaint for Declaratory Judgment and First Amended Complaint for Declaratory Judgment are granted on the grounds that the statutory framework for deciding claims against Arkansas is constitutional and, therefore, the Petitioner's claims of facial invalidity of the framework is dismissed on the grounds of sovereign immunity, and that the statutory framework is constitutional. The Motion to Dismiss the Complaint for Declaratory Judgment and First Amended Complaint for Declaratory Judgment, including the motion to dismiss on grounds of sovereign immunity, are denied only as to Petitioner's *due-process and equal-protection claims* that in-state and out-of-state contractors were treated differently. All other claims and or requests of Petitioner are hereby dismissed with prejudice.

(Emphasis supplied.) The State appealed from a circuit court order, arguing that the circuit court erred in failing to find that sovereign immunity barred the as-applied challenges. Duit cross-appealed, challenging the dismissal of its facial challenge.

In reversing the circuit court's denial of the State's motion to dismiss on sovereign-immunity grounds, this court stated as follows:

> A careful review of Duit's first amended complaint for declaratory judgment, however, reveals that Duit failed to plead facts that, if proven, would demonstrate a differentiation in the treatment of in-state and out-of-state contractors. Although Duit provides a table demonstrating the alleged past awards and denials by the ASCC to nonresident contractors, its complaint lacks any facts in support of its statement that "[d]uring that same period the ASCC recommended awards of damages to Arkansas resident contractors for breach of contract against the AHTD in amounts greater than awards to non-resident contractors." The mere statement that it is so, without factual support, simply fails to comport with our fact-pleading requirements. *See, e.g., Arkansas Dep't of Envtl. Quality v. Brighton Corp.*, 352 Ark. 396, 102 S.W.3d 458 (2003).
>
> For purposes of a motion to dismiss, we treat only the facts alleged in a complaint as true, but not a party's theories, speculation, or statutory interpretation. *See Fitzgiven v. Dorey*, 2013 Ark. 346, 429 S.W.3d 234. Taking only the facts alleged in Duit's first amended complaint for declaratory judgment as true and viewing them in the light most favorable to Duit, we cannot say that the complaint states sufficient facts to support Duit's allegation that the claims-commission process treated resident and nonresident contractors differently in violation of the Fourteenth Amendment. Accordingly, the exception to the sovereign-immunity doctrine for unconstitutional acts is not applicable, and Duit's equal-protection claim is barred by sovereign immunity. We therefore reverse the circuit court's denial of the Appellants' motions to dismiss Duit's equal-protection claim and remand for entry of an order consistent with this opinion.

2014 Ark. 432, at 8–9, 445 S.W.3d at 502–03. Inexplicably, while this court expressly disposed of Duit's as-applied equal protection challenge, it did not opine on Duit's as-applied Due-Process challenge. Under the law-of-the-case doctrine, the as-applied due-process

challenge survived as a live claim. Accordingly, the circuit court could not give the State a second opportunity to argue whether this claim was barred by sovereign immunity. As noted previously, law of the case is equally binding on this court. *Green, supra.* The opinion in *Duit I* concluded by dismissing Duit's cross-appeal and remanding the case to the circuit court.

Duit filed a second amended complaint alleging additional facts in paragraph 23, the paragraph that purports to plead the facts showing that the claims commission dealt unfairly with out-of-state defendants. While the version of paragraph 23 in *Duit I* listed the adverse outcomes suffered only by out-of-state contractors who had presented claims to the claims commission, the amended version of paragraph 23 in the case before us included factual data concerning the outcomes of claims by in-state contractors. The in-state contractors appeared to fare much better. Accordingly, the only question that was properly before the circuit court was whether these additional facts satisfied the requirements set forth—and made law of the case—in *Duit I*, which could have revived Duit's as-applied equal-protection challenge. However, Duit has abandoned this claim on appeal, so the answer to that question is moot. Interestingly, these allegations are the same facts relied on by Duit in its as-applied due-process challenge. However, as noted, this challenge remained viable after *Duit I*.

On December 19, 2014, the circuit court entered an order that stated the following:

(1) Consistent with this Court's order of October 21, 2013, Duit Construction Company, Inc.'s due process claim is dismissed.

(2) Consistent with the Arkansas Supreme Court's mandate and opinion in Case No. CV-14-137, Duit Construction Company, Inc.'s equal protection claim is barred by sovereign immunity. Duit Construction Company, Inc.'s equal protection claim is, therefore, dismissed with prejudice.

14

(3) Consistent with this court's order of October 21, 2013, all other claims of Duit Construction Company, Inc. are hereby dismissed with prejudice.

Accordingly, as this court noted in *Duit I*, with Duit's as-applied due-process claim still viable, the dismissal of Duit's facial due-process challenge and as-applied equal-protection challenge cannot be appealed without a Rule 54(b) certification nor can they be eligible for an interlocutory appeal under Arkansas Rule of Appellate Procedure–Civil 2(a)(10). 2014 Ark. 432 at 10–11, 445 S.W.3d at 504. Therefore, because this court does not have appellate jurisdiction, this case must be dismissed.

*Jack East III*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Mindy D. Pipkin*, Ass't Att'y Gen., and *Michelle Davenport*, for appellee.