PAUL E. DANIELSON, Associate Justice | Appellant Duit Construction Co., Inc., appeals from the order of the Pulaski County Circuit Court that dismissed. its claims against Appellees, the Arkansas State Claims Commission (the “ASCC”); the Arkansas General Assembly’s Claims Review Subcommittee; the Arkansas General Assembly’s Joint Budget Committee; the Arkansas State Highway Commission (the “ASHC”); and the Arkansas State Highway and Transportation Department (the “ASHTD”), following this court’s reversal and remand in Arkansas State Claims Commission v. Duit Construction Co., Inc., 2014 Ark. 432, 445 S.W.3d 496 (Duit I). In this |^appeal, Duit asserts that the circuit court' erred in dismissing its due-process claim as barred by sovereign- immunity. We affirm the circuit court’s order. A complete recitation of the underlying facts can be found in Duit I, 2014 Ark. 432, 445 S.W.3d 496. In brief, Duit’s suit against the Appellees stemmed from the ASCC’s denial of a claim by Duit relating to a contract it had entered into 'with the ASHC to complete an improvement project on Interstate 30 in Saline and Pulaski Counties. In its suit, Duit challenged the constitutionality of the method by which the State resolves claims against it, asserting that the procedures violated the Due Process Clause by “failing to provide a fair and impartial post-deprivation procedure for the resolution of breach of contract claims against the State, and by discriminating against non-residents,” Id. at 3, 445 S.W.3d at 500. Following motions to dismiss by the Ap-pellees, the circuit court entered an order in which it found that the framework for resolving claims against the State did not violate the Dúe Process Clause and that Duit’s allegations were otherwise barred by sovereign immunity. The circuit court, however, denied the Appellees’ motions to dismiss Duit’s claim that'out-of-state contractors bringing claims against the State had been treated differently from in-state contractors. The Appellees appealed from the circuit court’s order pursuant to Arkansas Rule of Appellate Procedure — Civil 2(a)(10), allowing an interlocutory, appeal from an order denying a motion to dismiss based on the defense of sovereign immunity, and Duit filed, a cross-appeal. ‘ In Duit I, we held that Duit’s complaint failed to plead facts that, if proven, would demonstrate a difference in the treatment between in-state and .out-of-state contractors; ^therefore, Duit .had failed to establish the exception to the sovereign-immunity- doctrine for unconstitutional acts. See Duit I, 2014 Ark. 432, 445 S.W.3d 496. Accordingly, we reversed the circuit court’s denial of the motions to dismiss Duit’s equal-protection claim and remanded for entry of an order consistent with our opinion. See id. We further dismissed Duit’s cross-appeal challenging the dismissal of its due-process claim for lack of jurisdiction over the cross-appeal. See id. On remand to the circuit court, Duit filed a second amended complaint, which amended only one paragraph. However, just nine days later, the circuit court entered its order of dismissal: ' On October 21, 2013, this Court en-fered an order granting defendants’ motions to dismiss plaintiffs due process claims, but denying defendants’ motions to dismiss plaintiffs equal protection claim based on sovereign immunity. Defendants appealed to the Arkansas Supreme Court. The Arkansas Supreme Court has issued its mandate and its opinion in Case No. CV-14-137. The mandate and the opinion have been filed with the Clerk of this Court. It is hereby ORDERED as follows: (1) Consistent with this Court’s order of October 21, 2013, Duit Construction Company, Inc.’s due process claim is dismissed.. (2) Consistent with the Arkansas Supreme Court’s mandate and opinion in Case No. CV-14-137, Duit Construction Company, Inc.’s equal protection claim is barred by sovereign immunity. Duit Construction Company, Inc.’s equal protection claim is, therefore, dismissed with prejudice. (3) Consistent with this Court’s order of October 21, 2013, all other claims of Duit Construction Company, Inc. are hereby dismissed with prejudice. IT IS SO ORDERED this 18th day of December, 2014. Duit now appeals. |4For its sole point on appeal, Duit contends that the circuit court erred in dismissing its due-process claim as barred by sovereign immunity. It claims that it has a right to an impartial decision maker and that the process used by Arkansas for resolving claims against the State is fundamentally unfair because the General Assembly’s budgetary and expenditure duties are too inconsistent with the General Assembly’s due-process responsibilities in deciding contract claims against the ASHTD. Duit avers that the current method of resolving claims against the State violates the Due Process Clause — a violation it asserts as the basis for an exemption to the sovereign-immunity doctrine. Accordingly, it claims, the circuit court’s order dismissing its due-process challenge should be reversed. The Appellees counter that the circuit court correctly dismissed Duit’s due-process claim because it was barred by sovereign immunity. They assert that Duit sought relief that, if granted, would control the actions of the State by requiring the legislature to rework its vehicle for deciding claims and would subject the State to monetary liability. The Appellees further contend that Duit’s complaint did not meet the threshold showing of a valid constitutional claim that would except his claim from sovereign immunity, because the fifty-year precedent of this court has established that the ASCC statutes provide parties with due process. This court reviews a circuit court’s decision on a motion to dismiss by treating the facts alleged in the complaint as true and viewing them in the light most favorable to the plaintiff. See Fuqua v. Flowers, 341 Ark. 901, 20 S.W.3d 388 (2000). However, our rules require fact | ¿pleading, and a complaint must state.facts, not mere conclusions, in order to entitle the pleader to-relief. See Fitzgiven v.Dorey, 2013 Ark. 346, 429 S.W.3d 234. In the instant case, the circuit court found that Duit’s due-process' claim against the Appellees was barred by sovereign immunity. Sovereign immunity is jurisdictional immunity from suit. See Short v. Westark Cmty. College, 347 Ark. 497, 65 S.W.3d 440 (2002). This defense arises from article 5, section 20, of the Arkansas Constitution: “The State of Arkansas shall never be made a defendant in any of her courts.” This court has consistently interpreted this constitutional provision as a general prohibition against awards of money damages in lawsuits against the state and its institutions. See Short, 347 Ark. 497, 65 S.W.3d 440. When the pleadings show that the action is, in effect, one against the State, the circuit court acquires no jurisdiction. See Arkansas Dep’t of Cmty. Corr. v. City of Pine Bluff, 2013 Ark. 36, 425 S.W.3d 731. In determining whether . the doctrine of sovereign immunity applies,, the court must decide if a judgment for the plaintiff will operate to control the action of the State or subject it to liability. See id. If so, the suit is one against the State and is barred by the doctrine of sovereign immunity, unless an exception to sovereign immunity applies. See id. We have recognized three ways in which a claim of sovereign immunity may be surmounted: (1) where the State is the moving party seeking specific relief; (2) where an act of the legislature has created .a specific waiver of sovereign immunity; and (3) where the state | fiagency is acting illegally, unconstitutionally, or if a state-agency officer refuses .to do a, purely ministerial action required by statute.[1] See Duit I, 2014 Ark. 432, 445 S.W.3d 496. Duit’s due-proeéss claim was premised oh its assertion that the current procedure for allowing the ASCC and the legislative branch 'to decide contract claims against the State was néither 'fair nor impartial and violated its constitutional right to due process'. The circuit court, however, rejected' Duit’s claim, finding that the framework for deciding claims against the State was a sufficient and constitutional remddy for purposes o‘f the Due Process Clause. . The ASCC- exists to provide relief in the. event of a claim against the State and its agencies. See Fuqua, 341 Ark. 901, 20 S.W.3d 388. It was created to. provide a method by which- claims against the State were to be addressed, while at the same time preserving the State’s sovereign immunity. See, e.g., Arkansas Pub. Defender Comm’n v. Greene Cnty. Cir. Ct., 343 Ark. 49, 32 S.W.3d 470 (2000). The ASCC is an arm of the legislature; its .jurisdiction is exclusive, and its decisions may be appealed only to the General Assembly. See Ark Code Ann. § 19-10-204 (Supp.. 2009); Ark. Code Ann. § 19-10-211(a) (Repl. 2007); Fireman’s Ins. Co. v. Arkansas State Claims Comm’n, 301 Ark. 451, 784 S.W.2d 771 (1990). It is well settled that the ASCC’s “procedure for hearing claims as established by the General Assembly meets due process requirements,” specifically, the. opportunity to be heard at a meaningful time and in a meaningful manner. Fireman’s Ins. Co., 301 Ark. at 454, 784 S.W.2d at 773; Austin v. Arkansas State Highway Comm’n, 320 Ark. 292, 895 S.W.2d 941 (1995). |7In the instant case, it is the General Assembly’s role in the Commission process with which Duit most particularly takes issue. In its complaint, Duit asserted that the General Assembly “is composed of individuals who decide contract claims based upon budgetary considerations and political issues rather than providing claimants a fair, impartial, meaningful hearing and decision for the redress of wrongs and the application of legal principles to contractual disputes.”[2] As evidence that the review process following a decision by the ASCC is neither fair nor meaningful, Duit cited to past awards, which it claimed demonstrate a distinction between nonresident and resident contractors. In addition, Duit cited to the fact that members of the General Assembly’s claim subcommittees need not be lawyers or have legal training. It further alleged that in reviewing ASCC decisions, the claim subcommittees “consider, and resolve claims ... based upon irrelevant and unjust factors,” including the financial impact an award would have on the State and the budgets of the ASHTD and the ASHC; the residence of the contractor making the claim; the impact a vote in favor of the claimant would have upon highway construction projects in the legislators’ districts; and the “overpowering lobbying ability of the ASHC and [the ASHTD].” As a final example, Duit averred that the then Speaker of the House of Representatives (Moore), a voting ex officio member of the Claims Subcommittee of the Joint Budget Committee, attended a January 20, 2012 Subcommittee meeting at which Duit’s claim was discussed and acted upon. Moore argued against Duit’s claim in conversations with other legislators prior ] sto that meeting after discussing the claims with Scott Bennett, [the ASHTD]’s Director, ex parte. Moore was subsequently appointed to the ASHC, In such capacity, he attended the March 20, 2013 Subcommittee meeting and actively lobbied members of the Claims Subcommittee ’ to vote against Duit’s claim. Duit’s claim was denied at that meeting. It would seem that Duit believes the General Assembly is simply too enmeshed politically to decide appeals from the ASCC’s decisions. But, article 16, section 2, of the Arkansas Constitution provides that the “General Assembly shall, from time to time, provide for the payment of all just and legal debts of the State.” Ark. Const, art. 16, § 2. Our constitution therefore makes clear that it is the duty of the General Assembly and its review subcommittees to make the very determinations challenged by Duit. Of most relevance, however, is the recognized “presumption of honesty, integrity, good faith, and impartiality in those serving as adjudicators, which presumption is only rebutted by a showing of some substantial countervailing reason to conclude that a decision maker is actually biased with respect to the factual issues being adjudicated.” 2 Am.Jur.2d Administrative Law § 40 (2015). Indeed, as this court has stated: An adjudicator is presumed to be unbiased, and in order to overcome that presumption, a litigant must show a conflict of interest or some other specific reason for disqualification. See Withrow v. Larkin, 421 U.S. 35 [95 S.Ct. 1456, 43 L.Ed.2d 712] (1975). In order to establish bias, the party making the allegation must show that the decision maker “has a direct, personal, substantial, pecuniary interest in reaching a conclusion” against one of the parties to the dispute. Aetna Life Ins. Co. v. Lavoie, 475 U.S. 813, 822 [106 S.Ct. 1580, 89 L.Ed.2d 823] (1986) (quoting Turney v. Ohio, 273 U.S. 510 [47 S.Ct. 437, 71 L.Ed. 749] (1927)). Ford Motor Co. v. Arkansas Motor Vehicle Comm’n, 357 Ark. 125, 145, 161 S.W.3d 788, 801 (2004). With respect to the ASCC, Arkansas Code Annotated § 19-10-201(c)(l) states that “[a] commissioner shall not hear or participate in the consideration of any claim in which he 19or she is interested personally, either directly or indirectly.” Ark.Code Ann. § 19-10-201 (Repl. 2007). Moreover, this court has always presumed that public officials, such as the members of the General Assembly, will act lawfully and sincerely in good faith in carrying out them duties and that they will not engage in subterfuge to accomplish their goals. See Pfeifer v. City of Little Rock, 346 Ark. 449, 57 S.W.3d 714 (2001). We must therefore presume that the ASCC’s commissioners and the General Assembly acted lawfully and sincerely in good faith when making their respective decisions on Duit’s claim against the State. In addition, general allegations of bias and prejudice have been held insufficient to establish a constitutional violation; rather, it is interests that are direct, personal, substantial, and pecuniary that are more problematic. See, e.g., Aetna Life Ins. Co. v. Lavoie, 475 U.S. 813, 106 S.Ct. 1580, 89 L.Ed.2d 823 (1986). In that same vein, mere familiarity with the facts of a case gained by an agency in the performance of its statutory role does not disqualify a decision maker, “[n]or is a decision-maker disqualified simply because he has taken a position, even in public, on a policy issue related to the dispute, in the absence of a showing that he is not ‘capable of judging a particular controversy fairly on the basis of its own circumstances.’ ” Hortonville Joint Sch. Dist. No. 1. v. Hortonville Educ. Ass’n, 426 U.S. 482, 493, 96 S.Ct. 2308, 49 L.Ed.2d 1 (1976) (quoting United States v. Morgan, 313 U.S. 409, 421, 61 S.Ct. 999, 85 L.Ed. 1429 (1941)). Duit has made no such showing. Having considered the allegations made by Duit, it is clear to this court that Duit simply failed to establish a conflict of interest on the part of either the ASCC or the General Assembly sufficient to overcome the presumption of impartiality to which both are clearly entitled. In failing to do so, Duit has not demonstrated an unconstitutional act on the part |inof the Appellees that would except its due-process claim from the doctrine of sovereign immunity. For this reason, we affirm the circuit court’s dismissal of Duit’s due-process claim as barred by sovereign immunity. Affirmed. Baker, J., concurs. Hart, J., dissents. . As was the case in Duit I, the parties do not appear to dispute that Duit’s due-process claim is one against the State that is ordinarily barred by sovereign immunity. . Because the circuit court’s order in no way suggests that it considered Duit's second amended complaint filed after this court’s remand, we look solely to Duit's first amended complaint.