Josephine Linker Hart, Justice, dissenting. Having reviewed this court’s prior decision in this case, Arkansas State Claims Commission v. Duit Construction Co., Inc., 2014 Ark. 432, 445 S.W.3d 496 (Duit I), as well as the circuit court’s order on remand, I have concluded that this appeal must be dismissed because this court does not have appellate jurisdiction. This court has a duty to determine whether it has jurisdiction even if it the question must be raised on our own motion. Tucker v. Lake View Sch. Dist. No. 25 of Phillips Cnty., 323 Ark. 693, 917 S.W.2d 530 (1996). It is apparent that the majority has failed to fully appreciate the law-of-the-case implications of this court’s decision in Duit I. The law-of-the-case doctrine was described by this court in Green v. George’s Farm, Inc., 2011 Ark. 70, 378 S.W.3d 715: ■The doctrine of law of the case prohibits a court from reconsidering issues of law and fact that have already been decided on appeal. The doctrine provides that a decision of an appellate court establishes -the law of the case for the trial upon remand and .for |12the appellate court itself upon subsequent review. The law-of-the-case doctrine also prevents consideration of an argument that could have been- raised at the first appeal and is not. made until a subsequent appeal. The doctrine serves to effectuate efficiency and finality in the judicial process, and its purpose is to maintain consistency and avoid' reconsideration of matters once decided during the course of a single, continuing lawsuit. 2011 Ark. 70 at 7-8, 378 S.W.3d at 720 (Internal citations omitted.) In Duit I, Duit challenged the way the State of Arkansas dealt with claims by out-of-state contractors by asserting the claims-commission procedure unconstitutional. It pursued three theories to strike down the claims-commission procedure: (1) it was a facially invalid violation of its due-process rights; (2) as applied, it violated its Equal-Protection rights; and (3) as applied, it violated its .due-process rights.- . The' State moved to dismiss Duit’s claims, asserting that they were barred, by sovereign immunity. The circuit court dismissed Duit’s facial due-process challenge on sovereign immunity grounds, but found that Duit’s two as-applied challenges (due process and equal protection) were not barred by sovereign immunity. The circuit court’s findings were quoted in Duit I as follows: The Motions to Dismiss the Complaint for Declaratory Judgment and First Amended Complaint for Declaratory Judgment are granted on the grounds that the statutory framework for deciding claims against Arkansas is constitutional and, therefore, the Petitioner's claims of facial invalidity of the framework is dismissed on the grounds of sovereign immunity, and that the statutory framework is constitutional. The' Motion to Dismiss the Complaint for Declaratory Judgment and First Amended Complaint for Declaratory Judgment, including the motion to dismiss on grounds of sovereign immunity, are denied only as to Petitioner’s due-process and equal-protection claims that in-state and out-of-state contractors were treated differently. All other claims and or requests of Petitioner are hereby dismissed with prejudice. 11s(Emphasis supplied.) The State appealed from a circuit court order, arguing that the circuit court erred in failing to find that sovereign immunity barred the as-applied challenges. Duit cross-appealed, challenging the dismissal of its facial challenge. In reversing the circuit court’s denial of the State’s motion to dismiss on sovereign-immunity grounds, this court stated as follows: A careful review of Duit’s first amended complaint for declaratory judgment, however, reveals that Duit failed to plead facts that, if proven, would demonstrate a differentiation in the treatment of in-state and out-of-state contractors. Although Duit provides a table demonstrating the alleged past awards and denials by the ASCC to nonresident contractors, its complaint lacks any facts in support of its statement, that “[djuring that same period the ASCC recommended awards of damages to Arkansas resident contractors for breach of contract against the AHTD in amounts greater than awards to non-resident contractors.” The mere statement that it is so, without factual support, simply fails to comport with our fact-pleading requirements. See, e.g., Arkansas Dep’t of Envtl. Quality v. Brighton Corp., 352 Ark. 396, 102 S.W.3d 458 (2003). For purposes of a motion to dismiss, we treat only the facts alleged in .a complaint as true, but not a party’s theories, speculation, or statutory interpretation. See Fitzgiven v. Dorey, 2013 Ark. 346, 429 S.W.3d 234. Taking only the facts alleged in Duit’s..first amended complaint for declaratory judgment as true and viewing them in the light most favorable to Duit, we cannot say that the complaint states sufficient' facts to support Duit’s allegation, that the claims-commission process treated resident and nonresident contractors differently in violation of the Fourteenth Amendment. Accordingly, the exception to the sovereign-immunity doctrine for unconstitutional gets is not applicable, and Duit’s equal-protection claim .is barred by sovereign immunity. We . therefore reverse the circuit court’s denial of the Appellants’ motions to dismiss Duit’s equal-protection claim and remand for entry of an order consistent with this opinion. 2014 Ark. 432, at 8-9, 445 S.W.3d at 502-03. Inexplicably, while this court’ expressly disposed of Duit’s as-applied equal protection challenge, it did not opine on Duit’s as-applied Due-Process challenge. Under the law-of-the-case .doctrine, .the as-applied due-process | uchallenge survived as a live claim. Accordingly, the circuit court could not give the State a second opportunity to argue whether this claim was barred by sovereign immunity. As noted previously, law of the case is equally binding on this court. Green, supra. The opinion in Duit I concluded by dismissing Duit’s cross-appeal and remanding the case to the circuit court. Duit filed a second amended complaint alleging additional facts in paragraph 23, the paragraph that purports to plead the facts showing that the claims commission dealt unfairly with out-of-state defendants. While the version of paragraph 23 in Duit I listed the adverse outcomes suffered only by out-of-state contractors who had presented claims to the claims commission, the amended version of paragraph 23 in the case before us included factual data concerning the outcomes of claims by instate contractors. The in-state contractors appeared to fare much better. Accordingly, the only question that was properly before the circuit court was whether these additional facts satisfied the requirements set forth — and made law of the case — in Duit I, which could have revived Duit’s as-applied equal-protection challenge. However, Duit has abandoned this claim on appeal, so the answer to that question is moot. Interestingly, these allegations are the same facts relied on by Duit in its as-applied due-process challenge. However, as noted, this challenge remained viable after Duit I. On December 19, 2014:, the circuit court entered an order that stated the following: (1) Consistent with this Court’s order of October 21, 2013, Duit Construction Company, Inc.’s due process claim is dismissed. (2) Consistent with the Arkansas Supreme Court’s mandate and opinion in Case No. CV-14-137, Duit Construction Company, Inc.’s equal protection claim is barred by sovereign immunity. Duit Construction Company, Ine.’s equal protection claim is, therefore, dismissed ■with prejudice. |1fi(3) Consistent with this court’s order of October 21, 2013, all other claims of Duit Construction Company, Inc. are hereby dismissed with prejudice. Accordingly, as this court noted in Duit I, with Duit’s as-applied due-process claim still viable, the dismissal of Duit’s facial due-process challenge and as-applied equal-protection challenge cannot be appealed without a Rule 54(b) certification nor can they be eligible for an interlocutory appeal under Arkansas Rule of Appellate Procedure — Civil 2(a)(10). 2014 Ark. 432 at 10-11, 445 S.W.3d at 504. Therefore, because this court does not have appellate jurisdiction, this case must be dismissed.