Karen R. Baker, Justice, dissenting.
*258 Because I cannot agree that the circuit court erred in its application of the precedent established in Board of Trustees of Univ. of Arkansas v. Andrews , 2018 Ark. 12, 535 S.W.3d 616, I dissent from the majority opinion. Although the majority distinguishes this appeal from Andrews and holds that sovereign immunity does not apply, this analysis contradicts Andrews . Here, the majority explains:
The present case is distinguishable from Andrews and other recent cases concerning sovereign immunity because it concerns an appeal of an agency adjudication. The AOGC is a named defendant, but its role in the proceeding is that of a tribunal or a quasi-judicial decision-maker rather than a real party in interest. It is akin to a trial court in an appellate proceeding; it has no vested interest in the outcome of the appeal other than whether its decision is upheld. The subject of the adjudication-the amount of royalty to be paid by SWN to the appellees-does not affect the State's coffers or control its actions. See Duit Constr. Co., Inc. v. Ark. State Claims Comm'n , 2015 Ark. 462, at 5, 476 S.W.3d 791, 795 ("In determining whether the doctrine of sovereign immunity applies, the court must decide if a judgment for the plaintiff will operate to control the action of the State or subject it to liability."). Appellees sought judicial review of the AOGC's final agency action; they alleged no additional claims against the AOGC or any other state actor. Under these circumstances, sovereign immunity is not implicated because the AOGC is not "made a defendant" as contemplated by article 5, section 20, of the Arkansas Constitution. There is no need to address "exceptions" to sovereign immunity because the doctrine simply does not apply in this case.
This analysis contradicts Andrews for several reasons. First, in Andrews the court held,
[W]e interpret the constitutional provision, "The State of Arkansas shall never be made a defendant in any of her courts," precisely as it reads. The drafters of our current constitution removed language from the 1868 constitution that provided the General Assembly with statutory authority to waive sovereign immunity and instead used the word "never." See Ark. Const. of 1868, art. 5, § 45; Ark. Const. art. 5, § 20. The people of the state of Arkansas approved this change when ratifying the current constitution.
Andrews , 2018 Ark. 12, at 10-11, 535 S.W.3d at 622.
Stated differently, in Andrews , the court held that "never means never," therefore this suit is barred based on the broad language in Andrews .
Second, despite the majority holding that the sovereign immunity "doctrine simply does not apply in this case"-this is also inapposite of Andrews because Andrews did not identify exceptions, exemptions or the like. Again, the State may never be sued.
Third, the majority's position that sovereign immunity does not apply because the suit "does not affect the State's coffers or control its actions," is misplaced as well. As I explained in my dissent in Andrews , "Absent from our constitution is any language limiting sovereign immunity to money judgments." Andrews , 2018 Ark. 12, at 14, 535 S.W.3d at 624 (Baker, J., dissenting). Therefore, this does not support the majority's position that sovereign immunity "simply does not apply in this case."
Finally, the majority's opinion is inconsistent with Andrews because actions by the State are at issue in this case. Although *259 the majority explains that-"the AOGC is a named defendant, but its role in the proceeding is that of a tribunal or a quasi-judicial decision-maker rather than a real party in interest"-and that "it has no vested interest in the outcome of the appeal other than whether its decision is upheld," this is not the standard under Andrews . Andrews held that the State may never be made a defendant in any of her own courts. Accordingly, despite the majority's attempt to narrow Andrews , the broad language of Andrews includes the actions alleged in this case. Here, Hurd alleges that the AOGC's actions were beyond the AOGC's authority as a State board and acted in an ultra vires manner. Therefore, State conduct is at issue, and Andrews bars suit.
Accordingly, I dissent.