Josephine Linker Hart, Justice, dissenting in part and concurring in part. I cannot join the majority’s opinion disposing of Ms. McCoy’s civil-rights claim. The majority .seems to have lost sight of the fact that sovereign immunity is an affirmative defense. See Ark. R. Civ. P. 12; see also Ark. Tech Univ. v. Link, 341 Ark. 495, 17 S.W.3d 809 (2000). As such, it was the appellants’ burden to plead facts sufficient to establish their entitlement to this affirmative, defense, not Ms., McCoy’s burden to plead facts avoiding it. Likewise, in reviewing the circuit court’s denial of the appellants’ motion to dismiss, this court was required to liberally construe the pleadings in a manner in favorable to the plaintiff, Ms. McCoy, taking all factual allegations as true. Ark. Dep’t of Envtl. Quality v. Al-Madhoun, 374 Ark. 28, 285 S.W.3d 654 (2008). The majority, simply did not follow this practice. j,⅝Although the -majority suggests that Ms. McCoy failed to allege that she suffered a deprivation .of her right to due process, this contention is false. Ms. McCoy alleged that she was accused of violating school “policy” when she was “not even an active enrolled student.” Nonetheless, she asserted that she “began the disciplinary process, in reliance on the handbook.” However, Ms. McCoy did not merely attach the handbook to her complaint as the majority indicates. Significantly, the complaint states that “Defendant did not follow the handbook.” The obvious construction of this attachment was that it was meant as a courtesy to the circuit court, who likely did not have- an Arkansas State University Student Handbook on its shelf; Further, the complaint articulates specific instances in which Ms. McCoy’s due-process rights were violated. McCoy alleged that (1) she “was not notified of the charges with enough specificity that she could defend herself’; (2) “she was denied basic details of who, what, when, and how”; (3) “she was denied proper and timely notice”; the letter that the appellants sent her on September 17, 2015 accused her of “failure to comply” with school policies, an allegation she contests; (4) she was not informed of the person who accused her of impropriety regarding a photograph of a quiz that was allegedly discovered on another individual’s cell phone. Additionally, while Ms. McCoy acknowledged in her complaint that she was given a .hearing, the composition of the “committee” who was to hear her case did not conform with the requirements of the handbook. I am not ready to concede ■ that the handbook could provide Ms. McCoy with the sum total of all the due-process rights that she was entitled to — I will not concede that an agency of the State of Arkansas can so arbitrarily limit a citizen’s constitutional rights by |3such a publication. However, an alleged failure to even follow the procedures specified in the handbook does make out a cause of action for a due process violation. Accordingly, the majority did not merely fail to liberally construe Ms. McCoy’s complaint, it largely ignored it. •, However, if there was a deficiency in Ms. McCoy’s fact pleading, as the majority suggests, and the circuit court abused its discretion by failing to dismiss Ms. McCoy’s claim pursuant to Arkansas Rule of Civil Procedure 12(b)(6), pursuant to Rule 12(j), the dismissal of that claim must be without prejudice; and Ms. McCoy must be granted time to plead further. Ballard Grp., Inc. v. BP Lubricants USA, Inc., 2014 Ark. 276, at 19, 436 S.W.3d 445, 456. Finally, the majority’s reliance on Goss v. Lopez, 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975), apparently for the proposition that any process satisfies the Due Process Clause, is misplaced. At the outset, I note that Goss dealt with brief public-school suspensions of ten days or less. Id. The case before us resulted in Ms. McCoy being denied readmission to a state college for more than a year. However, it is worth noting that the Goss Court flatly stated that the “Fourteenth "Amendment forbids the State to deprive any person of life, liberty, or property without due process of law. Protected interests in property are normally ‘not created by the Constitution. Rather, they are created and their dimensions are defined’ by an independent source such as state statutes or rules entitling the citizen to certain benefits.” 419 U.S. at 572-73, 95 S.Ct. 729, Furthermore, the Goss Court stated that “the State is constrained to recognize a student’s legitimate entitlement to a public education as a property interest which is protected by the Due Process Clause and which may not be taken away for misconduct without adherence |1flto the minimum procedures required by that Clause.” 419 U.S. at 574, 95 S.Ct. 729. Additionally, “The Due Process Clause also forbids arbitrary deprivations of liberty. ‘Where a person’s good name, reputation, honor, or integrity is at stake because of what the government is doing to him,’ the minimal requirements of the Clause must be satisfied.” Id. Ms. McCoy’s complaint alleges that she was denied minimal due process when she was subjected to a very serious deprivation of her interest in receiving an education at a state university. I would affirm the circuit court and allow her allegations to be tried. Regarding the Arkansas Freedom of Information Act Claim, I concur with the majority’s disposition. Simply including the phrase “sovereign immunity” in a pleading does not automatically give this court appellate jurisdiction pursuant to Rule 2(a)(10) of the Arkansas Rules of Appellate Procedure-Civil, when the actual issue — as in the case before us — involves statutory interpretation. I therefore dissent in part and concur in part.